357 F.3d 911
 L. GUERRERO, in his individual capacity, and in his capacity as representative of the classes described fully below, Plaintiff-Appellant,
v.
Daryl F. GATES; Honey A. Lewis; Ward G. McConnell; John T. Neville; James Pearson; Philip Sugar; Flora Trostler; G. Daniel Woodard; Don W. Vincent, II, all as current or former members of the Los Angeles City Attorney's Office; Roger Adez, # 25934; Armando Amezcua, # 31399; Salvador Apodaca; Heriberto Arangure, # 31707; Evanury Arocho-Witman, # 27267; Robert Arroyo, # 25851; Frank Arujo, # 27101; Judith Lynn Barham, # 22952; Antonio S. Bautista, # 32919; Mauricio Bautista; Ron Berdin, # 31958; John Bertino, # 27839; Edward Brehm, # 30982; Steven W. Brown, # 25366; Michael Buchanan, # 32055; Todd Burns, # 31549; Unknown Burrola; Kenneth Buscarino, # 20949; Paul Byrnes, Sgt., # 24578; Osbaldo Camacho, # 33903; Campbell, # 25216; Randy Canister, # 26107; Kevin Carney, # 10983; James D. Carroll, # 34456; Martin Chalupa, # 21890; Danny N. Chau, # 30087; Manuel Chavez, # 30544; Thomas Chinappi; Joshua N. Closson, # 32252; David Cochrane, # 26545; Ethan Cohan, # 30614; John M. Collard, # 27376; Christopher Coppock, # 31801; Armando Coronado, # 14710; Bobby B. Crees, # 32061; John Curiel, # 17992; Robert Donaldson, # 20848; Michael Donnelly, # 31974; Raquel Duarte, # 30349; Nino Durden, # 31106; Brian Eldridge, # 32071; Donald J. Eldridge, # 31353; James A. Erwin, III, # 33017; William Ferguson, # 33323; John Robert Flowers, # 25547; Brad Foss; Herman Franz Frettlohr, # 31420; David M. Friedrich, # 30946; John Futrell, # 17253; Frank Galindo, # 30764; Joe Garcia, # 32362; Richard Ginelli; Teresa Golt, # 26562; Shawn Gomez, # 30855; Jeffrey L. Graham, # 27201; Greenfield, Detective; Paul D. Harper, # 30320; Richard Harper, # 14170; Harper, # 14710; Harper, # 13228; Harper, # 30770; Harper, # 16795; Harper, # 24195; Harper, # 10868; Ross Y. Hay, # 30771; Margarita Hermosillo, # 25178; Susan E. Herold, # 24732; Herrera, Detective; Brian K. Hewitt, # 27602; Daniel Hills, # 17826; George Hoopes, Sgt., # 26967; Connie Howell, # 23994; Cesar Huezzo, # 33787; Alfred Hitchings, # 25970; Alex Izquierdo, # 26873; Robb Johnson, # 25362; Ronald Kitzmiller, # 31907; Arturo Koenig, # 30289; Klotz; Andrew Lassak, # 30835; Brian Liddy, # 27515; Liddy, # 27315; Daniel Lujan, Jr., # 26973; Frank Lyga, # 25051; David Mack; Charles Markel, # 21866; John Patrick Marquez, # 2667 # 26670; Mario Marquez, # 32875; Samuel T. Martin, # 26058; Lawrence Martinez, # 27319; Thomas Martinez, # 31746; Patrick McCarty, # 30182; Shands McCoy, # 25578; William S. McGee, # 21277; Scott F. McNeil, # 31438; Unknown Mejia; Ruben Mendoza, Ofcr. # 31360; Richard Meraz, # 12052; Camerino Mesina, # 30907; John Mumma, # 26492; James Muniz, # 30963; David Navarro, Sgt., # 23155; David Negrete, # 26682; Howard Ng, # 30405; Thomas O'Grady, # 30328; Steven O'Neal, # 33740; Ernest Orona, # 25243; Edward Ortiz, Sgt., # 23230; Dennis O'Sullivan, # 27237; Owens, Officer, # 27878 (no such number); Kulin Patel, # 27150; Arthur Pelt, # 15790; Armando Perez, # 25581; Rafael A. Perez, # 26905; John Peters, Sgt., # 25750; Robert Pionowski, # 15722; Jill Poe, # 27438; Diane Ponce, # 6413; Robert Pulley, # 17805; Unknown Quirk, # 33352; Manuel Redruello, # 25667; Peter Repovich, # 23078; Donna Reyes, # 34432; Mark Richardson, # 26995; Michael Richardson, Sgt., # 26159; Arturo Rico, # 27811; Mario Rios, # 32123; Jeffrey Robb, # 33804; Terrance Rochon, # 26696; Arthur Rodriguez, # 26255; Rossello; Edward Ruiz, # 27158; Jasmine Saade, # 22635; Nick Salicos, Captain; Johnny Sanchez, # 26513; Ruperto Sanchez, # 13953; Dustin Sclater, # 31933; Matthew Sibayan, # 30196; Addis Simpson, 330011; Christopher Soldo, # 26003; David Solis, # 32315; Doyle Stepp, # 31143; Jeffrey Stewart, # 25593; Stephanie Sutherland, # 30571; Jon Taylor, # 30974; Andrew Teague, # 21972; Unknown Tomeo, # 33087; Humberto Tovar, # 30492; Melissa Town, # 30305; Michael Tyus, # 23886; Robert Valdez, # 27352; Roger Vanoverstracten, # 30860; Omar Veloz, # 30740; David Vinton, # 31085; Voeltz, # 33292; Michael Wang, # 30805; Terry Wessel, # 14680; Mark Andrew Wilbur, # 30636; Melissa Zak, # 30305; Zamora, # 27267; Mike Zych, # 23892 all as current or former members of the Lapd; Christian Abdelkerim, # 33542; Willie L. Williams; Bernard C. Parks; Richard Alarcon; Richard Alatorre; Hal Bernson; Marvin Braude; Laura Chick; John Ferraro; Michael Feuer; Ruth Galanter; Mike Hernandez; Nate Holden; Mark Ridley-Thomas; Joel Wachs; Ernani Bernardi; Joan Flores; Gloria Molina; Joy Picus; Arthur Snyder; Michael Woo; Zev Yarolslavsky, all as present or former Los Angeles City Council members; Herbert F. Boeckmann, II; Gerald Chaleff; Rochelle De La Rocha; Raymond C. Fisher; James G. Fisk; Stephen Gavin; Maxwell E. Greenberg; Dean Hansell; Deirdre Hughes Hill; Warren Jackson; Melanie Lomax; Art Mattox; Edith Perez; Enrique Hernandez; Barbara Schlei; Robert Talcott; Reva Tooley; Robert I. Weil; Stanley Scheinbaum; Michael Yamaki; Stephen Yslas; Mary Burwell Cooper; Ellen M. Fawls; Jeffrey Gallagher; James Kenneth Hahn; Katherine J. Hamilton; Richard Helgeson; Thomas Hokinson; Stuart D. Hotchkiss; Helen Annette Keller, Defendants-Appellees.
Richard Riordan, Appellee.
 No. 02-56017.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted October 8, 2003.
 Filed January 29, 2004.
 
 COPYRIGHT MATERIAL OMITTED COPYRIGHT MATERIAL OMITTED COPYRIGHT MATERIAL OMITTED Stephen Yagman, Yagman & Yagman & Reichmann & Bloomfield, Venice, CA, for the plaintiff-appellant.
 Janet G. Bogigian, Deputy City Attorney, Los Angeles, CA, for the defendants-appellees.
 Appeal from the United States District Court for the Central District of California Gary A. Feess, District Judge, Presiding. D.C. No. CV-00-07165-GAF.
 Before BRUNETTI, T.G. NELSON, and SILVERMAN, Circuit Judges.
 OPINION
 T.G. NELSON, Circuit Judge:
 
 
 1
 Louie Guerrero pleaded guilty to two separate charges of possession of narcotics. He now attempts to bring claims under 42 U.S.C. § 1983 that are barred by Heck v. Humphrey.[1] The claims stem from Guerrero's allegations of wrongful arrest, malicious prosecution, and a general conspiracy of "bad behavior" among Los Angeles officials in connection with his arrests, prosecutions, and incarceration. Based on the same incidents, he also attempts to bring time-barred excessive force claims under § 1983 and claims for which he lacks standing under the Racketeer Influenced and Corrupt Organizations Act ("RICO").[2] We affirm the district court's dismissal of this case.
 
 I. FACTUAL AND PROCEDURAL BACKGROUND
 
 2
 Guerrero's claims arise from two separate encounters with members of the Los Angeles Police Department ("LAPD"). On November 29, 1995, Officer Zamora and another unidentified officer of the LAPD stopped and searched Guerrero. Guerrero alleges that the officers planted narcotics on him during the course of the search. Charged with possession of the narcotics, Guerrero pleaded guilty, and the court placed him on probation.
 
 
 3
 Two years later, on November 14, 1997, Officer Martinez and two unidentified LAPD officers stopped and searched Guerrero a second time. According to Guerrero, the officers "grabbed him, punched him, choked him, and kicked him" and again "caused false narcotics charges to be made against" him. Guerrero pleaded guilty to these second narcotics charges and was incarcerated until August 1999.
 
 
 4
 Nearly three years after his second encounter, Guerrero filed this lawsuit on June 30, 2000. Alleging violations of 42 U.S.C. § 1983 and RICO, his complaint named approximately 231 defendants, including former LAPD police chiefs, numerous police officers, several city attorneys, the mayor of Los Angeles, and a former district attorney. Although Guerrero's complaint asserts somewhat amorphous claims, his allegations can be characterized as claims of excessive force, wrongful arrest, and malicious prosecution. He also avers that a conspiracy of "bad behavior" existed among the defendants. Prior to June 2000, Guerrero had never contested his arrests, convictions, or sentences.
 
 
 5
 The district court initially denied a Rule 12(b)(6) motion to dismiss[3] brought by one of the 231 defendants, Bernard Parks. Shortly thereafter, the case was transferred to a new judge along with other similarly situated cases, all part of the LAPD Rampart scandal. Defendants, including Parks, filed further Rule 12(b)(6) motions to dismiss. The court granted these motions in a series of decisions, properly treating Parks' second Rule 12(b)(6) motion as a request for reconsideration.[4] Guerrero timely appealed.
 
 II. STANDARD OF REVIEW
 
 6
 We review de novo dismissals under Rule 12(b)(6), Federal Rules of Civil Procedure.[5] Dismissal is appropriate only when the plaintiff can prove no set of facts in support of his claims that would entitle him to relief.[6] All allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party.[7] Review is generally limited to the contents of the complaint, but if support exists in the record, a dismissal may be affirmed on any proper ground.[8]
 
 III. DISCUSSION
 
 7
 A. Heck v. Humphrey Bars Majority of Guerrero's § 1983 Claims
 
 Under Heck v. Humphrey:[9]
 
 8
 When a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.[10]
 
 The Court specifically stated:
 
 9
 We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment ..., a § 1983 plaintiff must prove the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.[11]
 
 
 10
 The Court also emphasized that "termination of the prior criminal conviction in favor of the accused" is a necessary element for success of a § 1983 malicious prosecution claim.[12]
 
 
 11
 Except for Guerrero's excessive force allegations, discussed below, Heck bars Guerrero's § 1983 claims. Guerrero's success on the majority of his § 1983 claims would necessarily imply the invalidity of his two convictions for possession of narcotics. Wrongful arrest, malicious prosecution, and a conspiracy among Los Angeles officials to bring false charges against Guerrero could not have occurred unless Guerrero were innocent of the crimes for which he was convicted. Guerrero's prior convictions have never been over-turned by the appropriate means, and we therefore hold that, with the exception of his excessive force claims, Guerrero's § 1983 claims are barred by Heck.
 
 
 12
 The fact that Guerrero is no longer in custody and thus may not be able to overturn his prior convictions by means of habeas corpus does not preclude Heck's bar. There are arguable exceptions to Heck's bar for plaintiffs no longer in custody, suggested by dissenting members of the Supreme Court in Spencer v. Kemna[13] and embodied in our recent decision of Nonnette v. Small.[14] However, those exceptions are limited and do not apply here. Guerrero had the opportunity to seek habeas relief and completely failed to do so. We decline to extend relief from Heck to plaintiffs like Guerrero who, through their own delay, have failed to timely overturn their prior convictions.
 
 
 13
 The Spencer dissent suggests that a plaintiff's inability to pursue habeas relief after release from incarceration should craft an exception to Heck's bar.[15] However, in Cunningham v. Gates,[16] we held that Heck barred the petitioner's § 1983 claims despite the fact that habeas relief was time-barred and thus "was impossible as a matter of law."[17] We "decline[d] to hold that Cunningham's failure timely to pursue habeas remedies [took] his § 1983 claim out of Heck's purview."[18]
 
 
 14
 We distinguished Cunningham's situation from that of the plaintiff in Nonnette by emphasizing the importance of timely pursuit of appropriate relief from prior convictions.[19] Nonnette was founded on the unfairness of barring a plaintiff's potentially legitimate constitutional claims where the individual immediately pursued relief after the incident giving rise to those claims and was prevented from seeking habeas relief due only to the shortness of his prison sentence.[20] Following exhaustion of his administrative remedies, Narvis Nonnette brought § 1983 claims while incarcerated, alleging miscalculation of his prison sentence and improper revocation of good-time credits and imposition of disciplinary proceedings.[21] The district court dismissed his claims as barred by Heck. Shortly after the court's dismissal, Nonnette was released on parole and therefore could not overturn his disciplinary conviction by means of habeas corpus.[22] We reversed the district court's dismissal, stating:
 
 
 15
 The fact that Nonnette has been released from the incarceration that his civil suit, if successful, would impugn, and that a habeas petition would be moot for that reason, differentiates this case from our recent decision in Cunningham v. Gates. In Cunningham, the plaintiff brought a civil suit that would have impugned the conviction for which he was still incarcerated; habeas corpus was unavailable only because he had let the time for such a petition expire. Under those circumstances, we declined to take the case out of the rule of Heck.[23]
 
 
 16
 We emphasized, however, that Nonnette's relief from Heck "affects only former prisoners challenging loss of good-time credits, revocation of parole or similar matters," not challenges to an underlying conviction such as those brought by Guerrero.[24]
 
 
 17
 Nonnette immediately sought administrative relief, and when that failed, he promptly sought relief from this court.[25] Under such circumstances, we held that Heck did not bar his § 1983 claims. We find Guerrero's situation to resemble Cunningham more closely than Nonnette. Though habeas relief for Guerrero may be "impossible as a matter of law," as in Cunningham, we decline to extend this relaxation of Heck's requirements to the claims of a plaintiff whose failure to timely achieve habeas relief is self-imposed.[26]
 
 
 18
 Guerrero attempts to rely on the language of the dissent in the Supreme Court case of Spencer,[27] which we cited with approval in Nonnette.[28] As in Nonnette, the plaintiff in Spencer diligently sought relief for his claim of invalid revocation of parole.[29] After appealing denial of his state habeas petition all the way to the State Supreme Court, he filed a federal habeas petition. His prison term ended, however, before the court could render a decision.[30] Justice Souter, writing for the Spencer dissent, argued, "Heck did not hold that a released prisoner in Spencer's circumstances is out of court on a § 1983 claim."[31] Justice Souter explained that otherwise "[t]he convict given a fine alone, however onerous, or sentenced to a term too short to permit even expeditious litigation without continuances before expiration of the sentence, would always be ineligible for § 1983 relief."[32] As stated above, we do not extend this reasoning to individuals like Guerrero who have failed, of their own accord, to diligently seek the appropriate overturning of their prior convictions.
 
 
 19
 Guerrero never challenged his convictions by any means prior to filing this lawsuit. Nearly three years passed from his last encounter with the LAPD before he took any action at all. As with Cunningham, his "failure timely to pursue habeas remedies" cannot now be used as a shield against the implications of Heck. Accordingly, we hold that Heck bars Guerrero's § 1983 claims of wrongful arrest, malicious prosecution, and conspiracy.
 
 
 20
 B. Statute of Limitations Bars Guerrero's § 1983 Excessive Force Claim
 
 
 21
 Heck is inapplicable to Guerrero's § 1983 excessive force claim, because it does not "necessarily imply the invalidity of his conviction or sentence."[33] The officers' alleged use of excessive force during Guerrero's arrest does not preclude the possibility that Guerrero was still guilty of possession of narcotics. Despite this fact, however, the statute of limitations prevents Guerrero from bringing the claim. The altercations of which Guerrero complains occurred in November 1995 and November 1997, yet Guerrero did not file this lawsuit until June 30, 2000. At the time this lawsuit was commenced, a one-year statute of limitations governed § 1983 claims.[34] Thus, the limitations period ended in November 1996 for his first encounter with the police and in November 1998 for his second encounter.
 
 
 22
 Neither equitable tolling nor equitable estoppel saves Guerrero's untimely claim. California allows equitable tolling of the statute of limitations in cases in which a plaintiff, "possessing several legal remedies ... reasonably and in good faith, pursues one designed to lessen the extent of his injuries or damage," thereby allowing the statutory period to run.[35] A plaintiff whose ignorance of the statutory period is excusable may file a lawsuit outside that period as long as he causes no prejudice to the defendants by doing so.[36]
 
 
 23
 In this case, Guerrero did not pursue his claims in any manner until he filed this lawsuit in June 2000. Neither did Guerrero provide advance notice of his claims to the 231 defendants prior to filing this suit, thereby mitigating any prejudice to the defendants due to his delay. Allowance of this lawsuit would clearly prejudice the defendants, who had no timely warning of Guerrero's allegations.[37] Further, Guerrero does not claim to have been ignorant of the applicable statute of limitations period. Accordingly, California's equitable tolling principles do not apply to him.
 
 
 24
 Similarly, equitable estoppel does not apply. Equitable estoppel, also termed fraudulent concealment, halts the statute of limitations when there is "active conduct by a defendant, above and beyond the wrongdoing upon which the plaintiff's claim is filed, to prevent the plaintiff from suing in time."[38] The plaintiff must demonstrate that he relied on the defendant's misconduct in failing to file in a timely manner and "must plead with particularity the facts which give rise to the claim of fraudulent concealment."[39]
 
 
 25
 The facts of this case do not justify equitable estoppel. Even assuming that Guerrero's allegations of a conspiracy are true, the defendants did not engage in any fraudulent conduct "above and beyond the wrongdoing upon which the plaintiff's claim is filed."[40] Guerrero has failed to plead with particularity any additional fraudulent behavior on the part of the defendants that would excuse his delay in bringing this suit. Equitable estoppel therefore does not save Guerrero's excessive force claim from the statute of limitations.
 
 
 26
 Guerrero failed to file this lawsuit within the statutory period and has not offered a valid excuse for this failure. The statute of limitations therefore bars his § 1983 excessive force claim from our consideration.
 
 
 27
 C. Guerrero Lacks Standing to Bring RICO Claims as He has not Suffered the Required Injury to Business or Property
 
 
 28
 Guerrero additionally asserts claims under RICO,[41] alleging injury due to lost earnings and employment during his alleged wrongful incarceration. RICO forbids enterprises from engaging in "racketeering activity," including "any act or threat involving murder, kidnapping, gambling, arson, robbery, bribery, extortion, dealing in obscene matter, or dealing in a controlled substance."[42] An individual may bring a civil claim under RICO if he has been "injured in his business or property by reason of a violation" of the statute.[43] To recover under RICO, the individual "must show proof of concrete financial loss"[44] and must demonstrate that the loss was proximately caused by the racketeering activity.[45] A "mere injury to a valuable intangible property interest"[46] is insufficient to confer standing under RICO.
 
 
 29
 We have long held that RICO was not crafted to address claims of personal injury.[47] While acknowledging the interplay between pecuniary and nonpecuniary interests in many claims, we have specified that only direct, tangible, and concrete financial losses fall under RICO.[48] More recently, in Diaz v. Gates,[49] we specifically held that lost wages and employment stemming from wrongful incarceration constitute a personal injury, not an injury to business or property as required by RICO.[50] Diaz, like Guerrero, sought to bring claims under RICO due to employment and wage losses incurred as a result of his purported wrongful incarceration.[51] We held that Diaz's alleged injuries constituted, at most, "mere injury to a valuable intangible property interest"[52] in his right to pursue employment. Such injury, we held, does not satisfy RICO's standing requirement.[53]
 
 
 30
 Guerrero asserts claims identical to those asserted by Diaz, and like Diaz, his claims fail. While certain economic injuries may have flowed from Guerrero's incarceration, the core of his claims involve injury to his person.[54] Guerrero has failed to plead the required injury to business or property and thus lacks standing under RICO.
 
 IV. CONCLUSION
 
 31
 We affirm the judgment of the district court granting the defendants' motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).
 
 
 32
 AFFIRMED.
 
 
 
 Notes:
 
 
 [1]
 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994)
 
 
 [2]
 18 U.S.C. § 1961-68 (2003)
 
 
 [3]
 FED. R. CIV. P. 12(b)(6)
 
 
 [4]
 We note that the district court did not abuse its discretion in departing from the law of the caseRebel Oil Co. v. Atlantic Richfield Co., 146 F.3d 1088, 1093 (9th Cir.1998) (applying abuse of discretion standard to the court's decision whether to apply the law of the case doctrine). The court has the discretion not to apply the law of the case doctrine under certain circumstances, including situations where "a manifest injustice would otherwise result." Thomas v. Bible, 983 F.2d 152, 155 (9th Cir.1993). Allowing dismissal for the remaining 230 defendants but not for Parks would have resulted in manifest injustice, as would treating Guerrero's case differently from similarly situated Rampart cases.
 
 
 [5]
 See Lipton v. Pathogenesis Corp., 284 F.3d 1027, 1035 (9th Cir.2002).
 
 
 [6]
 See No. 84 Employer-Teamster Joint Council v. Am. West Holding Corp., 320 F.3d 920, 931 (9th Cir.2003).
 
 
 [7]
 See Cervantes v. United States, 330 F.3d 1186, 1187 (9th Cir.2003).
 
 
 [8]
 See Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir.2001); Papa v. United States, 281 F.3d 1004, 1009 (9th Cir.2002).
 
 
 [9]
 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994)
 
 
 [10]
 Id. at 487, 114 S.Ct. 2364; see also Smithart v. Towery, 79 F.3d 951, 952 (9th Cir. 1996).
 
 
 [11]
 Id. at 486-87, 114 S.Ct. 2364 (emphasis added).
 
 
 [12]
 Id. at 484, 114 S.Ct. 2364.
 
 
 [13]
 523 U.S. 1, 118 S.Ct. 978, 140 L.Ed.2d 43 (1998)
 
 
 [14]
 316 F.3d 872 (9th Cir.2002)
 
 
 [15]
 Spencer, 523 U.S. at 18-21, 118 S.Ct. 978.
 
 
 [16]
 312 F.3d 1148 (9th Cir.2002)
 
 
 [17]
 Id. at 1154 n. 3.
 
 
 [18]
 Id.
 
 
 [19]
 Nonnette, 316 F.3d at 877 n. 6.
 
 
 [20]
 See id. at 874-77.
 
 
 [21]
 Id. at 874.
 
 
 [22]
 Id. at 874-75.
 
 
 [23]
 Id. at 877 n. 6.
 
 
 [24]
 Id. at 878 n. 7.
 
 
 [25]
 Id. at 874-75.
 
 
 [26]
 See Cunningham, 312 F.3d at 1153 n. 3.
 
 
 [27]
 523 U.S. 1, 118 S.Ct. 978, 140 L.Ed.2d 43 (1998)
 
 
 [28]
 See Nonnette, 316 F.3d at 876-77.
 
 
 [29]
 See Spencer, 523 U.S. at 1, 118 S.Ct. 978.
 
 
 [30]
 Id.
 
 
 [31]
 Id. at 19, 118 S.Ct. 978 (emphasis added).
 
 
 [32]
 Id. at 21, 118 S.Ct. 978 n*.
 
 
 [33]
 Heck, 512 U.S. at 487, 114 S.Ct. 2364. Compare Smithart, 79 F.3d at 952 (holding that Heck did not bar Smithart's excessive force claim. Though Smithart had been convicted of assaulting his arresting officers by driving a truck toward them, the officers' alleged excessive force took place after he had exited his truck and thus did not necessarily invalidate his conviction); with Cunningham, 312 F.3d at 1154-55 (holding that Cunningham's excessive force claim was Heck-barred. As an element of his conviction for felony murder, the jury found that Cunningham had "committed an intentional provocative act" against the arresting police officers, causing the police to open fire on the defendant and his partner in crime. A finding of excessive force by the police would have invalidated this finding and thus his conviction).
 
 
 [34]
 CAL. CODE CIV. PROC. § 340(3) (2000). The Supreme Court has held that the applicable statute of limitations for civil claims under § 1983 is that of the forum stateSee Wilson v. Garcia, 471 U.S. 261, 279-80, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985).
 
 
 [35]
 Daviton v. Columbia/HCA Healthcare Corp., 241 F.3d 1131, 1137 (9th Cir.2001). In civil rights suits, this court applies state tolling rules as long as they "are not inconsistent with federal law." Azer v. Connell, 306 F.3d 930, 936 (9th Cir.2002).
 
 
 [36]
 See Santa Maria v. Pac. Bell, 202 F.3d 1170, 1176 (9th Cir.2000); Lantzy v. Centex Homes, 31 Cal.4th 363, 2 Cal.Rptr.3d 655, 73 P.3d 517, 523 (2003) (applying "equitable tolling in carefully considered situations to prevent the unjust technical forfeiture of causes of action, where the defendant would suffer no prejudice").
 
 
 [37]
 See Gordon v. Law Offices of Aguirre & Meyer, 70 Cal.App.4th 972, 83 Cal.Rptr.2d 119, 123 (1999) (holding that defendants were not prejudiced when "defendants were [timely] notified of the action and had the opportunity to begin gathering evidence and preparing their defense").
 
 
 [38]
 Santa Maria, 202 F.3d at 1176.
 
 
 [39]
 Conerly v. Westinghouse Elec. Corp., 623 F.2d 117, 120 (9th Cir.1980); See also Santa Maria, 202 F.3d at 1176.
 
 
 [40]
 Santa Maria, 202 F.3d at 1177 (emphasis added).
 
 
 [41]
 18 U.S.C. § 1961-68 (2003)
 
 
 [42]
 18 U.S.C. §§ 1961(1), 1962 (2003)
 
 
 [43]
 18 U.S.C. § 1964(c) (2003)
 
 
 [44]
 Chaset v. Fleer/Skybox Int'l, 300 F.3d 1083, 1087 (9th Cir.2002); see also Oscar v. Univ. Students Co-op. Ass'n, 965 F.2d 783, 785-86 (9th Cir.1992); Berg v. First State Ins. Co., 915 F.2d 460, 464 (9th Cir.1990).
 
 
 [45]
 Chaset, 300 F.3d at 1086.
 
 
 [46]
 Berg, 915 F.2d at 464.
 
 
 [47]
 See Oscar, 965 F.2d at 785-86; Berg, 915 F.2d at 464.
 
 
 [48]
 See Oscar, 965 F.2d at 783.
 
 
 [49]
 2004 WL 77907 (9th Cir.)
 
 
 [50]
 Id.
 
 
 [51]
 Id.
 
 
 [52]
 Berg, 915 F.2d at 464.
 
 
 [53]
 Diaz, 354 F.3d 1169, 2004 WL 77907, 4.
 
 
 [54]
 See id.