**Harry J. CONNER, aka William E. Nelson, Plaintiff—Appellant,**

v.

**Pat RAMBERG, Vancouver Police Officer; Defendants— Appellees.**

No. 03–35753.

D.C. No. CV–02–05635–FDB.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 17, 2004.*

Decided Feb. 24, 2004.

Harry J. Conner, Memphis, TN, for Plaintiff–Appellant.

Alison J. Chinn, Officer, Office of the City Attorney, Curt Wyrick, Clark County

Prosecuting Attorney, Vancouver, WA, for Defendants–Appellees.

Before FERNANDEZ, W. FLETCHER, and TALLMAN, Circuit Judges.

MEMORANDUM**

Harry J. Conner, a former Washington state prisoner, appeals pro se the district court's summary judgment dismissing without prejudice his 42 U.S.C. § 1983 action alleging, among other things, that the defendants violated his constitutional rights by conspiring illegally to extradite him to Washington state and to prosecute him for forgery without probable cause. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, *Cunningham v. Gates*, 312 F.3d 1148, 1153 (9th Cir. 2002), *cert. denied*, —— U.S. ——, 123 S.Ct. 1749, 155 L.Ed.2d 511 (2003), and we may affirm on any ground supported by the record, *Newton v. Diamond*, 349 F.3d 591, 594 (9th Cir.2003).

The district court properly concluded that the gravamen of Conner's action is that he was prosecuted without probable cause, and a favorable judgment would necessarily imply the invalidity of his conviction. *See Smithart v. Towery*, 79 F.3d 951, 952 (9th Cir.1996) (per curiam) ("There is no question that *Heck* bars [the plaintiff's] claims that defendants lacked probable cause to arrest him and brought unfounded criminal charges against him."). Conner may not bring such an action unless and until his conviction is reversed through a direct appeal or writ of habeas corpus. *See Heck v. Humphrey*, 512 U.S.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

477, 486–87, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994).

Contrary to Conner's contention, his release from custody does not relieve him of this requirement because his state habeas petition was dismissed on the merits, and his criminal conviction was affirmed on direct appeal. *See Guerrero v. Gates*, 357 F.3d 911, 917–18 (9th Cir.2004) ("Though habeas relief for [the plaintiff] may be 'impossible as a matter of law' [because he is no longer in custody] ... we decline to extend this relaxation of *Heck*'s requirements to the claims of a plaintiff whose failure to timely achieve habeas relief is self-imposed.").

Furthermore, even if Conner's claim that he was wrongfully extradited is not barred by *Heck*, the claim is precluded by collateral estoppel because he has fully litigated this issue in both the state and federal courts, *see In re Nelson*, No. 25195–9–II (Wash.Ct.App. Nov. 12, 1999); *Nelson v. Lucas*, No. 99–CV–5276–FDB (W.D.Wash. Nov. 5, 1999), *aff'd*, No. 99–36127, 2000 WL 1411181 (9th Cir. Sept. 26, 2000). *See Hanson v. City of Snohomish*, 121 Wash.2d 552, 852 P.2d 295, 300–01 (1993) (en banc).

Contrary to Conner's contention, the district court did not err in not granting Conner leave to amend following summary judgment. *See Ferris v. Santa Clara County*, 891 F.2d 715, 718–19 (9th Cir. 1989). In addition, the record does not support Conner's contention that the district court did not liberally construe his pro se pleadings. Finally, we decline to consider Conner's contention that the summary judgment was "premature" because he did not raise this issue in his opening brief. *See McMillan v. United States*, 112 F.3d 1040, 1047 (9th Cir.1997).

---

We deny all pending motions.

**AFFIRMED.**