# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-3063

_____

Leslie M. Smith,                              *
                                              *
                    Appellant,                *
                                              *    Appeal from the United States
       v.                                     *    District Court for the District
                                              *    of Nebraska.
Dean K. Wampler, M.D.; Wausau                 *
Insurance Company, also known as              *        [UNPUBLISHED]
Employers Insurance of Wausau, A              *
Mutual Company,                               *
                                              *
                    Appellees.                *

_____

Submitted:  April 12, 2004

Filed:  April 19, 2004
_____

Before LOKEN, Chief Judge, RICHARD S. ARNOLD and FAGG, Circuit Judges.
_____

PER CURIAM.

After Leslie M. Smith injured his back at work, Dr. Dean Wampler treated him. The Nebraska Workers' Compensation Court held that although Smith injured his back at work, his temporary total disability was caused by preexisting degenerative disc disease rather than by the work injury. While Smith's appeal was pending, he entered into a worker's compensation settlement agreement with his employer and its worker's compensation carrier, Wausau Insurance Company (Wausau). Smith later

brought this civil action against Wampler and Wausau alleging civil violations of the Racketeer Influenced and Corrupt Organizations Act (RICO), fraud, and bad faith. The district court[*] granted summary judgment to Wampler and Wausau, concluding Smith did not allege any racketeering activity against Wampler, and Smith waived any claims against Wausau in the settlement agreement. The district court declined to exercise supplemental jurisdiction over state law claims.

On appeal, Smith contends the district court committed error in granting summary judgment because Wampler failed to show the absence of a disputed fact on the RICO claims. Wampler was not required to do so, however, because the record contains no facts on which Smith could prevail. To state a civil RICO claim under 18 U.S.C. § 1962(c), Smith must prove the defendants engaged in conduct of an enterprise through a pattern of racketeering activity. ASA- Brandt, Inc. v. ADM Inv. Servs., Inc., 344 F.3d 738, 752 (8th Cir. 2003); Handeen v. Lemaire, 112 F.3d 1339, 1347 (8th Cir. 1997). Racketeering activity is defined in § 1961(1) as any act or threat involving murder, kidnaping, gambling, arson, robbery, bribery, extortion, dealing in obscene matter, or dealing in a controlled substance or listed chemical, acts indictable under certain federal laws, and numerous other offenses. See 18 U.S.C. § 1961(1); Handeen, 112 F.3d at 1353. Having carefully reviewed Smith's complaint, we agree with the district court that Smith fails to allege any racketeering activity within the definition of § 1961(1). Contrary to Smith's contention, there was not sufficient evidence in his resistance to the summary judgment motion to show the predicate acts of mail and wire fraud. At most, Smith alleges common law fraud and claims of professional malpractice or personal injury, which are not actionable under RICO. See Guerrero v. Gates, 357 F.3d 911, 920 (9th Cir. 2004); Doe v. Roe, 958 F.2d 763, 767 (7th Cir. 1992); Handeen, 112 F.3d at 1348. Because Smith failed to allege any racketeering activity, the district court properly granted summary judgment

---

[*]The Honorable Lyle E. Strom, United States District Judge for the District of Nebraska.

on Smith's RICO claims.  Thus, we need not decide whether the RICO claims are barred by the settlement agreement.

We affirm the district court.

_____