Joseph MCINERNEY, Plaintiff—Appellant,

v.

SUPERIOR COURT OF THE STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO; et al., Defendants—Appellees.

No. 03–17186.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 10, 2005.*

Decided Jan. 13, 2005.

Joseph McInerney, San Francisco, CA, pro se.

Tom Blake, Esq., AGCA—Office of the California Attorney General (SF), San Francisco, CA, for Defendants–Appellees.

Before: BEEZER, HALL, and SILVERMAN, Circuit Judges.

MEMORANDUM **

Joseph McInerney appeals pro se from the district court's judgment dismissing his action alleging that California's vexatious litigant statute is facially unconstitutional and unconstitutional as applied to him. McInerney also appeals the district court's entry of a pre-filing review order. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review the district court's imposition of a pre-filing review order for abuse of discretion. *Moy v. United States,* 906 F.2d 467, 469 (9th Cir.1990). We review de novo the district court's dismissal of McInerney's action, and we may affirm on any ground supported by the record. *Guerrero v. Gates,* 357 F.3d 911, 916 (9th Cir.2004).

California courts have consistently held that the state's vexatious litigant statute, Cal.Code Civ. Proc. §§ 391 through 391.7, is "constitutional and [does] not deprive a litigant of due process of law." *Bravo v. Ismaj,* 99 Cal.App.4th 211, 120 Cal.Rptr.2d 879, 887 (Cal.Ct.App.2002). McInerney's as-applied challenge is precluded by the *Rooker–Feldman* doctrine because he is seeking relief from prior state court vexatious litigant orders. *See Bianchi v. Rylaarsdam,* 334 F.3d 895, 900–01 (9th Cir. 2003) (*Rooker–Feldman* doctrine "precludes review of all 'state court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional.'") (citation omitted).

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

The district court did not abuse its discretion in issuing a pre-filing review order against McInerney. The pre-filing review order was based upon a clear record of prior frivolous filings and the order was entered after McInerney opposed the motion. *See DeLong v. Hennessey,* 912 F.2d 1144, 1147–48 (9th Cir.1990).

McInerney contends that the district court erroneously considered prior state and federal court decisions entered against him, and that the defendants' motion should therefore have been construed as a motion for summary judgment. This contention fails because there is "ample authority . . . which recognizes that matters of public record, including court records in related or underlying cases which have a direct relation to the matters at issue, may be looked to when ruling on a 12(b)(6) motion to dismiss." *Lexicon Inc. v. Milberg Weiss Bershad Hynes & Lerach,* 102 F.3d 1524, 1537 (9th Cir.1996), *rev'd on other grounds,* 523 U.S. 26, 118 S.Ct. 956, 140 L.Ed.2d 62 (1998).

**AFFIRMED.**

---

* John E. Potter is substituted for his predecessor, William Henderson, as Postmaster General. The Clerk shall amend the docket to reflect the above caption.

** The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.