**Tommie Lee STEWART, Plaintiff— Appellant,**

v.

**Joseph LEHMAN; et al., Defendants— Appellees.**

No. 04–35342.

D.C. No. CV–03–05286–FDB.

United States Court of Appeals, Ninth Circuit.

Submitted March 23, 2005.*

Decided April 11, 2005.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Tommie Lee Stewart, Aberdeen, WA, pro se.

Annette Elena Cook, Esq., AGWA—Office of the Washington Attorney General, Olympia, WA, for Defendants–Appellees.

Before B. FLETCHER, TROTT, and SILVERMAN, Circuit Judges.

### MEMORANDUM **

Tommie Lee Stewart, a Washington state prisoner, appeals pro se the district court's judgment dismissing his 42 U.S.C. § 1983 action alleging that defendants violated his constitutional rights by requiring him to participate in an anger management class and by placing him in administrative segregation for eight days. We have jurisdiction under 28 U.S.C. § 1291. After de novo review, *Guerrero v. Gates,* 357 F.3d 911, 916 (9th Cir.2004), we affirm.

■ The district court properly concluded that requiring Stewart to ·participate in an anger management class did not constitute an ex post facto law, or otherwise violate Stewart's due process rights. *See In the Matter of Forbis,* 150 Wash.2d 91, 74 P.3d 1189, 1191–94 (2003) (en banc).

** This disposition is not appropriate for publication and may not be cited to or by the

Similarly, Stewart's equal protection claim arising from his compulsory participation in the anger management class fails because Stewart did not allege "that the defendants acted with an intent or purpose to discriminate against [him] based upon membership in a protected class." *Barren v. Harrington,* 152 F.3d 1193, 1194 (9th Cir.1998) (order).

■ The district court also properly concluded that Stewart had no liberty interest in being free of administrative segregation. *See Smith v. Noonan,* 992 F.2d 987, 989 (9th Cir.1993). Accordingly, Stewart's due process claim fails. *See May v. Baldwin,* 109 F.3d 557, 565 (9th Cir.1997). Finally, Stewart's equal protection claim arising from his placement in administrative segregation fails because he did not allege that defendants discriminated against him on any protected ground. *See Barren,* 152 F.3d at 1194–95.

AFFIRMED.

courts of this circuit except as provided by Ninth Circuit Rule 36–3.