Steve **PATTERSON**, Plaintiff—
Appellant,

v.

Romero J. **MOENCH**; et al.,
Defendants—Appellees.

No. 02–16914.

D.C. No. CV–02–05324–(OWW).

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 4, 2003.

Submission Vacated April 15, 2004.

Resubmitted June 29, 2005.

Decided July 1, 2005.

Robert E. Dowd, Robert E. Dowd & Associates, Bakersfield, CA, for Plaintiff–Appellant.

Andreas O. Garza, Attorney General's Office, Sacramento, CA, for Defendants–Appellees.

Before BROWNING, O'SCANNLAIN, and FISHER, Circuit Judges.

## MEMORANDUM *

Steve Patterson appeals the Rule 12(b)(6) dismissal of his 42 U.S.C. § 1983 action against the State of California, the County of Kern and Kern County Superior Court Judge Romero Moench. Patterson alleges that Judge Moench violated his constitutional rights during the prosecution of his misdemeanor violations of the California Vehicle Code. We have jurisdiction under 28 U.S.C. § 1291. After *de novo* review, *Guerrero v. Gates,* 357 F.3d 911, 916 (9th Cir.2004), we affirm.

Patterson claims that Judge Moench, the judge who presided over his criminal prosecution, refused to accept Patterson's proposed plea bargain unless Patterson withdrew the lawsuit he had filed against Moench. Patterson argues that Judge Moench's act of rejecting the proposed plea bargain was improper in the context of his plea proceeding and violated his right to a fair trial based on the merits of his case.

■ A judgment in favor of Patterson would necessarily imply that his conviction and sentence were invalid. Thus, *Heck v. Humphrey,* 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), would typically bar Patterson's suit. However, because Patterson is no longer in custody and the brevity of his incarceration made pursuing federal habeas relief impossible, *Heck* does not preclude his § 1983 action. *See Nonnette v. Small,* 316 F.3d 872, 875–78 (9th Cir.2002).

■ Nevertheless, Patterson's claims must still be dismissed because the defendants are immune from liability. Patter-

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

son concedes that the State of California is immune from suit. As for Judge Moench, he is immune from § 1983 liability as long as his "ultimate acts" were "judicial actions taken within the court's subject matter jurisdiction." *Ashelman v. Pope*, 793 F.2d 1072, 1078 (9th Cir.1986) (en banc). In analyzing Judge Moench's immunity, the district court erred by "focusing on underlying actions instead of looking to the ultimate acts." *See id.* The act ultimately under scrutiny is Judge Moench's rejection of Patterson's guilty plea. That act was judicial in nature and within the court's jurisdiction. Although Patterson claims that Judge Moench had a highly improper motive for rejecting the plea, a judge's motive for performing a judicial act does not affect his immunity from civil liability for that act. *See id.* ("Intent should play no role in the immunity analysis."). Thus, Judge Moench is entitled to judicial immunity.

The district court's dismissal of Patterson's § 1983 complaint is **AFFIRMED.**