

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-6-2006

# Drayer v. State of DE

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-4350

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Drayer v. State of DE" (2006). *2006 Decisions*. Paper 1303.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1303

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 04-4350

_____

JOHN R. DRAYER, JR.,
                                        Appellant

v.

STATE OF DELAWARE; DEPT CORRECTION;
CUSTODY & SUPERVISION; PROBATION;
VOLUMOUS DEFS; US DISTRICT CTS. DEL.
93264RRM; MS. TANYITA NESBIT

_____

On Appeal From the United States District Court
For the District of Delaware
(D.C. Civ. No. 03-cv-00306)
District Judge:  Honorable Kent A. Jordan

_____

Submitted Under Third Circuit LAR 34.1(a)
DECEMBER 7, 2005

Before: MCKEE, FUENTES AND NYGAARD, CIRCUIT JUDGES

(Filed April 6, 2006)

_____

OPINION
_____

PER CURIAM

        Appellant, John Drayer, Jr., a former state prisoner proceeding pro se, appeals an

order of the United States District Court for the District of Delaware dismissing his action

filed pursuant to 42 U.S.C. § 1983 as barred by <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994).

On June 30, 1997, Drayer pleaded no contest to first degree reckless endangering in the Delaware Superior Court. Although his five year term of imprisonment was originally suspended for three years probation, appellant apparently ended up serving a portion of his sentence in state custody. Drayer did not take a direct appeal. He did, however, file a motion for state post-conviction relief in November 2000, which the Delaware Superior Court denied as untimely. The Supreme Court of Delaware likewise denied Drayer's appeal on June 25, 2001, because it was filed more than 30 days after the Superior Court's decision. Drayer thereafter filed a petition pursuant to 28 U.S.C. § 2254 in the United States District Court for the District of Delaware on November 4, 2002. <u>See</u> <u>Drayer v. Kearney, et al.</u>, D. Del. Civ. No. 02-1603. The District Court denied the § 2254 petition as untimely, and we denied Drayer the issuance of a certificate of appealability noting that his § 2254 petition was time-barred under the applicable statute of limitations set forth in 28 U.S.C. § 2244(d)(1). <u>See</u> C.A. No. 03-4160.

In the meantime and while his § 2254 petition was pending, Drayer filed the underlying civil rights complaint pursuant to 42 U.S.C. § 1983. Drayer's complaint was filed two days after his release from incarceration on March 17, 2003. In that complaint, Drayer alleged that his conviction and sentence, as well as his subsequent probation violation, violated his constitutional rights. He demanded compensatory and punitive damages. After this Court's remand on a fee assessment issue, <u>see</u> C.A. No. 03-2477, the District Court granted Drayer leave to proceed <u>in forma pauperis</u> and then denied his

complaint as frivolous pursuant to 28 U.S.C. § 1915(e). The District Court determined

that Drayer's § 1983 suit for damages was barred by Heck v. Humphrey, because he

failed to show that his sentence had been reversed or declared invalid, and thus his claims

lacked an arguable basis in law or fact. The court further concluded that Drayer failed to

sufficiently support his motion for recusal under either 28 U.S.C. § 144 or § 455, instead

basing his motion solely on adverse judicial rulings. The District Court judge noted that

Drayers' affidavit contained only bare allegations, and nothing that would question his

impartiality or show that he had a personal bias or prejudice against Drayer. This appeal

followed.

We have jurisdiction pursuant to 28 U.S.C. § 1291. Our review of the District

Court's order dismissing Drayer's complaint as frivolous is plenary, see Tourscher v.

McCullough, 184 F.3d 236, 240 (3d Cir. 1999), and our review of its denial of his motion

for recusal is for an abuse of discretion. See Blanche Road Corp. v. Bensalem Township,

57 F.3d 253, 265 (3d Cir.1995). Because we agree with the District Court's

determination that Drayer's § 1983 suit is barred under Heck, we will affirm the order of

dismissal.[1]

---

[1] We note that the District Court also denied various post-judgment motions in an order entered on December 14, 2004. However, Drayer did not file an amended notice of appeal seeking review of that decision. Moreover, even if appellant had properly appealed that decision, we would nonetheless conclude that the District Court did not abuse its discretion in denying those motions. See Brown v. Phila. Hous. Auth., 350 F.3d 338, 342 (3d Cir. 2003)(orders denying motions filed under Fed. R. Civ. P. 60(b) are reviewed for an abuse of discretion); Max's Seafood Café v. Quinteros, 176 F.3d 669, 673 (3d Cir. 1999)(same with respect to orders denying motions filed under Rule 59(e)).

As have some of our sister circuits, "[w]e recognize that concurring and dissenting opinions in <u>Spencer v. Kemna</u>, 523 U.S. 1 (1998), question the applicability of <u>Heck</u> to an individual ... who has no recourse under the habeas statute." <u>See</u> <u>Gilles v. Davis</u>, 427 F.3d 197, 210 (3d Cir. 2005), <u>citing</u> <u>Spencer</u>, 523 U.S. at 19-20 (Souter, J., concurring); at 21 (Ginsburg, J., concurring); at 25 n. 8 (Stevens, J., dissenting). These opinions nonetheless did not affect our recent conclusion in <u>Gilles</u> that <u>Heck</u> applies even to claims brought by a litigant for whom habeas relief is not available, and whose successful completion of an Accelerated Rehabilitative Disposition program did not constitute a "favorable termination" under <u>Heck</u>. <u>See</u> <u>Gilles</u>, 427 F.3d at 211, <u>citing</u> <u>Heck</u>, 512 U.S. at 485. In <u>Gilles</u>, we not only expressed our doubt that <u>Heck</u> has been undermined, but there stated that:

> [T]o the extent [<u>Heck's</u>] continued validity has been called into question, we join on this point, our sister courts of appeals for the First and Fifth Circuits in following the Supreme Court's admonition "to lower federal courts to follow its directly applicable precedent, even if that precedent appears weakened by pronouncements in its subsequent decisions, and to leave to the Court 'the prerogative of overruling its own decisions.'"

<u>Id</u>. at 210, <u>quoting</u> <u>Figuero v. Rivera</u>, 147 F.3d 77, 81 n. 3 (1st Cir.1998) (citing <u>Agostini v. Felton</u>, 521 U.S. 203, 237 (1989)); <u>Randell v. Johnson</u>, 227 F.3d 300, 301-02 (5th Cir.2000).

The Supreme Court's holding in <u>Heck</u> was unequivocal: "[I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct

appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." Heck, 512 U.S. at 486. Given the particular facts of the instant case (i.e., that habeas corpus relief was unavailable to Talley because he failed to seek such relief in a timely manner) and our recent decision in Gilles, we refuse to except appellant's § 1983 suit from the requirements of Heck. See, e.g., Guerrero v. Gates, 357 F.3d 911, 918 (9th Cir. 2004) (though habeas relief may be "impossible as a matter of law," court declined to extend a relaxation of Heck's requirements to the claims of a plaintiff whose failure to timely achieve habeas relief was self-imposed).

We dispose of appellant's challenge to the District Court's denial of his recusal motion with very little discussion as a review of the allegations in the motion reveals nothing more than a dissatisfaction with prior rulings. We have held that "bias, in order to form the basis for recusal, must stem from a source outside of the official proceedings." Blanche Road Corp., 57 F.3d at 266 (citing United States v. Bertoli, 40 F.3d 1384 (3d Cir. 1994)). No such allegations have been asserted here.

Accordingly, for the reasons stated, we will affirm the District Court's judgment. Appellant's motion seeking to have the Clerk's Order of November 21, 2005, vacated and to have counsel appointed is denied.

5