[No. D028559. Fourth Dist., Div. One. Mar. 18, 1999.]

RICHARD L. GORDON et al., Plaintiffs and Appellants, v.
LAW OFFICES OF AGUIRRE & MEYER et al., Defendants and
Respondents.

**COUNSEL**

Casey, Gerry, Reed & Schenk and T. Michael Reed for Plaintiffs and Appellants.

Ault, Davis & Schonfeld, Alan H. Schonfeld and Corinne R. Coleman for Defendants and Respondents.

**OPINION**

**HUFFMAN, J.**—In this legal malpractice action, the sole question is whether the doctrine of "equitable tolling" applies to Code of Civil Procedure[1] section 340.6, the applicable statute of limitations. Guided by the plain language of the statute, and our high court's opinion in *Laird* v. *Blacker* (1992) 2 Cal.4th 606 [7 Cal.Rptr.2d 550, 828 P.2d 691], we hold section 340.6 is not subject to equitable tolling; rather, the Legislature intended the statute's explicit tolling provisions to be exclusive. Accordingly, we affirm the judgment of dismissal entered after defendants successfully demurred to the complaint.

---

[1]All statutory references are to the Code of Civil Procedure.

## I

### FACTUAL AND PROCEDURAL BACKGROUND[2]

Plaintiffs, Richard L. Gordon, Elaine F. Gordon, Alan S. Glick, Sharon S. Glick, Marvin W. Fleishman and Ilyne C. Fleishman, are residents of Maricopa County, Arizona. They purchased interests in the Virgin Isle Hotel Limited Partnership from Prudential-Bache Securities (PBS), paying a small percentage down and signing promissory notes for the balance.

In early 1989 plaintiffs retained the Law Offices of Aguirre & Meyer, a San Diego law firm, in order to sue PBS and others for violating securities laws in conjunction with the sale of the limited partnership interests. Aguirre & Meyer filed a class action in federal court, and Richard L. Gordon (Gordon) was a named plaintiff. In May 1990, plaintiffs met with Aguirre & Meyer attorneys in San Diego, making "it clear . . . they had substantial concern about the balance due on the promissory notes . . . they . . . had signed. The amount due on the notes was far in excess of the amount of the down payment they had each made."

In June 1991 Aguirre & Meyer provided plaintiffs with a notice of proposed settlement of the class action claims. The notice contained no reference to the promissory notes and did not warn class members the proposed settlement "would leave the members of the class who had signed promissory notes still liable on those notes." Before signing settlement papers, Gordon asked defendant Patricia A. Meyer and other Aguirre & Meyer attorneys how the proposed settlement would affect liability on the promissory notes. Meyer and the other attorneys told Gordon "there was no need to be concerned about the liability on the promissory notes." Gordon relayed this information to the other plaintiffs. Had plaintiffs known the settlement actually did not relieve them from liability under the promissory notes, they would not have accepted the settlement. The federal court approved the settlement in 1991.

Around September 1994, National Union Fire Insurance Company of Pittsburgh sued plaintiffs in New York for the unpaid balances on the promissory notes, interest and attorney fees. The total amount sought from plaintiffs exceeded $300,000. Plaintiffs, having unsuccessfully tendered their defenses to Aguirre & Meyer, retained New York counsel to represent them and began incurring costs.

---

[2]Because this appeal arises from a dismissal following a demurrer, we rely on plaintiffs' complaint and documents the court judicially noticed for a summary of the factual background. We accept as true all properly pleaded allegations without concern for proof problems. (*Phillips* v. *Desert Hospital Dist.* (1989) 49 Cal.3d 699, 702 [263 Cal.Rptr. 119, 780 P.2d 349].)

In April 1995 plaintiffs filed a legal malpractice suit against Aguirre & Meyer, and Michael J. Aguirre and Patricia A. Meyer individually (hereafter collectively Aguirre & Meyer) in the superior court of Maricopa County, Arizona. The case was removed to federal district court in Arizona. That court dismissed the action on October 18, 1996, for lack of personal jurisdiction over Aguirre & Meyer.

On December 3, 1996, plaintiffs filed a complaint for professional negligence against Aguirre & Meyer in San Diego County Superior Court. In addition to the above facts, plaintiffs alleged: "The statute of limitations was tolled by equitable tolling during the pendency of the Arizona matter in that the same plaintiffs and defendants were involved, so defendants had adequate knowledge of the claims in a timely manner. The statute did not begin to run until plaintiffs first suffered injury on or about September 19, 1994, when suit was filed against plaintiff Glick by National Union Fire Insurance Company for collection on the above-described note."

Aguirre & Meyer demurred, arguing plaintiffs' claims were barred by section 340.6. The court issued a telephonic ruling sustaining the demurrer without leave to amend. The court noted plaintiffs alleged they first suffered injury and the statute of limitations began to run on or about September 19, 1994, more than one year before they filed suit. The court rejected the notion the filing of another action in Arizona equitably tolled the limitations period. After oral argument on March 14, 1997, the court confirmed its telephonic ruling. A judgment of dismissal was entered on April 14, 1997.

## II

### DISCUSSION

### A

"On appeal from a judgment of dismissal following the sustaining of a demurrer without leave to amend, the reviewing court must accept as true not only those facts alleged in the complaint but also facts that may be implied or inferred from those expressly alleged. [Citation.] A demurrer based on a statute of limitations will not lie where the action may be, but is not necessarily, barred. [Citation.] In order for the bar of the statute of limitations to be raised by demurrer, the defect must clearly and affirmatively appear on the face of the complaint; it is not enough that the complaint shows that the action may be barred. [Citation.]" (*Marshall* v. *Gibson, Dunn & Crutcher* (1995) 37 Cal.App.4th 1397, 1403 [44 Cal.Rptr.2d 339].)

B

In *Neel* v. *Magana, Olney, Levy, Cathcart & Gelfand* (1971) 6 Cal.3d 176, 194 [98 Cal.Rptr. 837, 491 P.2d 421], the California Supreme Court held a cause of action for attorney negligence does not accrue until the client discovers, or should have discovered, the facts essential to a malpractice claim. The court noted the discovery rule would "impose an increased burden upon the legal profession. An attorney's error may not work damage or achieve discovery for many years after the act, and the extension of liability into the future poses a disturbing prospect. . . . [¶] We realize the possible desirability of the imposition of some outer limit upon the delayed accrual of actions for legal malpractice. Section 340.5, which governs actions for medical malpractice, states a limit of one year from discovery but provides a four-year absolute limit absent a showing of concealment of material facts by the defendant. A similar, but possibly longer, absolute limit may be desirable in actions for legal malpractice [citations], or indeed in all actions for professional malpractice."[3] (*Neel, supra,* at pp. 192-193, fn. omitted.)

In response, the Legislature enacted section 340.6 in 1977. (*Laird* v. *Blacker, supra,* 2 Cal.4th at p. 611.) It codifies the discovery rule, requiring that a legal malpractice action be filed within one year of actual or constructive discovery of the elements of a cause of action. The statute also, however, provides a four-year absolute time limit from the date of the wrongful act or omission, regardless of its discovery. (§ 340.6, subd. (a).) The limitations periods are explicitly "tolled during the times, inter alia, (i) the client 'has not sustained actual injury,' (ii) the negligent attorney continues to represent the client, (iii) the attorney willfully conceals facts constituting the negligence,[4] or (iv) the plaintiff is under a disability that 'restricts the plaintiff's ability to commence legal action.'" (*Laird* v. *Blacker, supra,* 2 Cal.4th at p. 609, fn. omitted; § 340.6, subd. (a)(1)-(4).) Section 340.6 states, "In no event shall the time for commencement of legal action exceed four years except that the period shall be tolled" during the time of the enumerated tolling provisions.[5]

---

[3]In the companion case of *Budd* v. *Nixen* (1971) 6 Cal.3d 195, 198, 201 [98 Cal.Rptr. 849, 491 P.2d 433], the court further held a cause of action for legal malpractice does not accrue until the client discovers the attorney's negligence *and* suffers some appreciable or actual harm.

[4]This tolling provision, however, applies only to the four-year period. (§ 340.6, subd. (a)(3).)

[5]Section 340.6 provides in full: "(a) An action against an attorney for a wrongful act or omission, other than for actual fraud, arising in the performance of professional services shall be commenced within one year after the plaintiff discovers, or through the use of reasonable

## C

Plaintiffs contend section 340.6 is subject to the doctrine of "equitable tolling," even though it is not among the statute's enumerated tolling provisions. They assert the one-year limitation period for their action against Aguirre & Meyer was equitably tolled during the pendency of their erroneously filed Arizona action.[6]

The fundamental "purpose of statutes of limitation is to prevent the assertion of stale claims by plaintiffs who have failed to file their action until evidence is no longer fresh and witnesses are no longer available." (*Addison v. State of California* (1978) 21 Cal.3d 313, 317 [146 Cal.Rptr. 224, 578 P.2d 941].) "However, courts have adhered to a general policy which favors relieving plaintiff from the bar of a limitations statute when, possessing several legal remedies he, reasonably and in good faith, pursues one designed to lessen the extent of his injuries or damage. [Citations.]" (*Id.* at pp. 317-318.) In *Addison,* the court equitably tolled the statute of limitations where the federal court declined to assert jurisdiction over a timely failed state law claim and the plaintiffs thereafter promptly refiled the claim in state court. It explained as follows: "Unquestionably, the same set of facts may be the basis for claims under both federal and state law. We discern no reason of policy which would require plaintiffs to file simultaneously two separate actions based upon the same facts in both state and federal courts since 'duplicative proceedings are surely inefficient, awkward and laborious.' [Citations.] [¶] Furthermore, since the federal court action was timely filed, defendants were notified of the action and had the opportunity to begin

---

diligence should have discovered, the facts constituting the wrongful act or omission, or four years from the date of the wrongful act or omission, whichever occurs first. In no event shall the time for commencement of legal action exceed four years except that the period shall be tolled during the time that any of the following exist: [¶] (1) The plaintiff has not sustained actual injury; [¶] (2) The attorney continues to represent the plaintiff regarding the specific subject matter in which the alleged wrongful act or omission occurred; [¶] (3) The attorney willfully conceals the facts constituting the wrongful act or omission when such facts are known to the attorney, except that this subdivision shall toll only the four-year limitation; and [¶] (4) The plaintiff is under a legal or physical disability which restricts the plaintiff's ability to commence legal action. [¶] (b) In an action based upon an instrument in writing, the effective date of which depends upon some act or event of the future, the period of limitations provided for by this section shall commence to run upon the occurrence of such act or event."

[6]At the hearing on the demurrer, plaintiffs' counsel conceded the court's tentative ruling was correct based upon the parties' papers. He argued, though, that the court should find in plaintiffs' favor based upon a Court of Appeal decision which the Supreme Court ordered depublished in 1988. The reliance upon a depublished opinion is, of course, forbidden with exceptions irrelevant here. (Cal. Rules of Court, rule 977(a).) On appeal, plaintiffs' argument, with minimal paraphrasing, is largely duplicative of the depublished decision.

gathering their evidence and preparing their defense. No prejudice to defendants is shown, for plaintiffs' state court action was filed within one week of the dismissal of the federal suit. To apply the doctrine of equitable tolling in this case, in our view, satisfies the policy underlying the statute of limitations without ignoring the competing policy of avoiding technical and unjust forfeitures." (*Id.* at p. 319.)

In *Elkins* v. *Derby* (1974) 12 Cal.3d 410 [115 Cal.Rptr. 641, 525 P.2d 81, 71 A.L.R.3d 839], the court held the statute of limitations on a personal injury action is tolled during the pendency of the plaintiff's workers' compensation claim against the defendant. The court explained, ". . . if the defendant is not prejudiced thereby, the running of the limitations period is tolled '[w]hen an injured person has several legal remedies and, reasonably and in good faith, pursues one.' [Citations.]" (*Id.* at p. 414.)

In *Bollinger* v. *National Fire Ins. Co.* (1944) 25 Cal.2d 399 [154 P.2d 399], the plaintiff had timely filed an action against the insurer, but the court erroneously dismissed it as premature under the policy terms. The plaintiff promptly filed a new action, but by then the limitations period had expired. The court nonetheless allowed the action under general equitable principles. (See also *Addison* v. *State of California, supra,* 21 Cal.3d at p. 318.) The *Bollinger* court stated it was "not powerless to formulate rules of procedure where justice demands it. Indeed, [the court had] shown itself ready to adapt rules of procedure to serve the ends of justice where technical forfeitures would unjustifiably prevent a trial on the merits." (*Bollinger* v. *National Fire Ins. Co., supra,* at p. 410.)

The question of whether the doctrine of equitable tolling applies to section 340.6 is a matter of statutory construction. ■ In determining legislative intent, the reviewing court "look[s] first to the words of the statute, giving them their usual and ordinary meaning." (*Committee of Seven Thousand* v. *Superior Court* (1988) 45 Cal.3d 491, 501 [247 Cal.Rptr. 362, 754 P.2d 708].) ■ The California Supreme Court, however, has already spoken regarding the exclusivity of the tolling provisions enumerated in section 340.6. In *Laird* v. *Blacker, supra,* 2 Cal.4th at page 618, it explained: "Section 340.6, subdivision (a), states that 'in no event' shall the prescriptive period be tolled except under those circumstances specified in the statute. Thus, the Legislature *expressly intended to disallow tolling under any circumstances not enumerated in the statute.*"[7] (Italics added.)

---

[7]Plaintiffs claim the "[i]n no event" language applies solely to the four-year limitations period of section 340.6. *Laird* v. *Blacker,* however, concerns the statute's one-year provision. (*Laird* v. *Blacker, supra,* 2 Cal.4th at p. 608.)

In *Bledstein* v. *Superior Court* (1984) 162 Cal.App.3d 152, 160 [208 Cal.Rptr. 428], the court likewise held ". . . the tolling provisions contained in section 340.6 are exclusive. By including the limitation that 'in no event' shall the prescriptive period be tolled except under those circumstances specified in the statute, the Legislature expressed an intent to disallow tolling under any other circumstances." Accordingly, we conclude the doctrine of equitable tolling is inapplicable here, notwithstanding any lack of prejudice to Aguirre & Meyer occasioned by plaintiffs' filing of this lawsuit shortly after the Arizona case was dismissed.[8]

Plaintiffs contend the doctrine of equitable tolling applies to section 340.5,[9] the statute of limitations for medical malpractice, in spite of similar "in no event" language, and thus it should apply equally in the legal malpractice context. In support, they cite *Hull* v. *Central Pathology Service Medical Clinic, supra,* 28 Cal.App.4th 1328. *Hull,* however, does not even mention section 340.5. Rather, it concerns the applicability of the equitable tolling doctrine to section 339, subdivision 1 (two-year limitations period for breach of oral contract) and section 340, subdivision (3) (one-year limitations period for intentional infliction of emotional distress). Neither of those statutes is remotely analogous to section 340.6. ■ It has been held, in fact, that the "[i]n no event" language of section 340.5 makes its enumerated tolling provisions exclusive.[10] (*Hollingsworth* v. *Kofoed* (1996) 45 Cal.App.4th 423, 427 [52 Cal.Rptr.2d 808]; *Fogarty* v. *Superior Court* (1981) 117 Cal.App.3d 316, 320 [172 Cal.Rptr. 594].)

---

[8]While this holding is dispositive, we note the doctrine of equitable tolling is inapplicable here in any event. One of the elements which must be present before the *Bollinger* rule of equitable tolling will apply is that plaintiffs are left without a judicial forum for resolution of their claims through forces outside their control. (*Hull* v. *Central Pathology Service Medical Clinic* (1994) 28 Cal.App.4th 1328, 1336 [34 Cal.Rptr.2d 175].) Unlike the plaintiff in *Bollinger,* plaintiffs here were not denied a trial on the merits due to any error of the trial court, but because they mistakenly filed suit against California defendants in Arizona.

[9]Section 340.5 provides in pertinent part: "In an action for injury or death against a health care provider based upon such person's alleged professional negligence, the time for the commencement of action shall be three years after the date of injury or one year after the plaintiff discovers, or through the use of reasonable diligence should have discovered, the injury, whichever occurs first. In no event shall the time for commencement of legal action exceed three years unless tolled for any of the following: (1) upon proof of fraud, (2) intentional concealment, or (3) the presence of a foreign body, which has no therapeutic or diagnostic purpose or effect, in the person of the injured person."

[10]Plaintiffs waived their argument that the date of "actual injury" commencing the statute of limitations is a question of fact not susceptible to disposal on demurrer by failing to raise it in their opening brief. (*California Recreation Industries* v. *Kierstead* (1988) 199 Cal.App.3d 203, 205, fn. 1 [244 Cal.Rptr. 632].) In any event, the argument is unavailing. Plaintiffs admit in their reply brief, just as they did in their complaint allegations, that they had knowledge of Aguirre & Meyer's wrongdoing and suffered actual injury related thereto by September 1994.

## DISPOSITION

The judgment is affirmed. Defendants to recover costs on appeal from plaintiffs.

Work, Acting P. J., and McDonald, J., concurred.