Filed 3/5/14  Simpson v. Schnayerson CA1/4

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION 4

| | |
|---|---|
| GORDON SIMPSON,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>PHILIP ALLEN SCHNAYERSON,<br><br>    Defendant and Respondent. | A138185<br><br>(Alameda County<br>Super. Ct. No. HG11609479) |

Appellant Gordon Simpson alleged that he was wrongly convicted of a felony as the result of neglect and fraud by his former criminal defense attorney, respondent Philip Schnayerson.  The trial court sustained Schnayerson's demurrer to Simpson's first amended complaint on the bases that the complaint failed to state a cause of action for professional negligence and that Simpson's claims were barred by the applicable statutes of limitation.  On appeal, Simpson argues that the trial court improperly sustained the demurrer.  We disagree and affirm.

1

# I.
## FACTUAL AND PROCEDURAL
### BACKGROUND

According to the amended complaint and judicially noticed materials,[1] Simpson hired Schnayerson in early 2005 to defend him against criminal charges in Alameda County. Schnayerson told Simpson that he would argue that the offense was a misdemeanor and that he planned to take the case to trial. On June 24, 2005, Simpson pleaded no contest to a violation of Vehicle Code section 2800.2 (attempting to evade a police officer while driving recklessly). This crime is a wobbler, meaning that it can be punished as either a misdemeanor or a felony.

In accepting the plea, Simpson pleaded no contest to a felony violation of the statute.[2] In formally acknowledging his plea, Simpson signed a form titled "*Felony* Advisement of Rights, Waiver, and Plea Form" (italics added), which specified that the maximum term was three years (making the offense a felony). At a hearing held on the same day Simpson signed the form, the trial court asked for Simpson's plea to a *felony* violation of the Vehicle Code, and Simpson said he pleaded no contest. He was sentenced to three years' probation.

In December 2011, about six-and-a-half years after entering the plea, Simpson filed this action against Schnayerson. He claimed that he was wrongly convicted of a felony in the criminal action, and he alleged causes of action for breach of contract, general negligence, fraud, and unjust enrichment.

Schnayerson demurred to Simpson's complaint. The trial court sustained the demurrer after concluding that the complaint (1) was barred by the applicable statutes of

---

[1] Although he purported to designate several documents for the record, Simpson never filed a record with his appeal. Schnayerson, however, filed his own appendix. While we decline to dismiss the appeal because Simpson failed to file a record, we limit our review to the materials contained in Schnayerson's appendix, considering true all material facts properly pleaded and matters which may be judicially noticed, but not contentions, deductions, or conclusions of law. (*Moore v. Conliffe* (1994) 7 Cal.4th 634, 638.)

[2] On December 26, 2013, this court granted Schnayerson's request to judicially notice the court records, which had been judicially noticed below.

limitation, (2) failed to allege Simpson's actual innocence, a necessary element when a criminal defendant sues for legal malpractice (*Wiley v. County of San Diego* (1998) 19 Cal.4th 532, 545), and (3) failed to allege with sufficient particularity the facts constituting Simpson's cause of action for fraud. The trial court granted Simpson leave to amend to allege sufficient facts to cure these defects.

Simpson subsequently filed a first amended complaint alleging the same causes of action except that he specified he was suing for legal malpractice instead of general negligence and for fraudulent concealment instead of fraud generally. He alleged that Schnayerson failed to interview him to discuss the quality of his defense with him or to explain the trial court's sentencing options to him. He also alleged that Schnayerson intentionally concealed "the facts regarding the wrongful acts and omissions" that led to his conviction. He claimed that he did not discover this concealment until December 2010. And he claimed: "In about April of 2011, and as the result of the plaintiff having filed a complaint against the defendant at the California State Bar Association, the plaintiff was able to obtain evidence of [Schnayerson's] wrongful omissions to act."

Schnayerson demurred to the amended complaint, and this time the trial court sustained the demurrer without leave to amend. The court concluded that Simpson's amended complaint failed to allege facts necessary to support a cause of action for legal malpractice, such as an allegation that Simpson was actually innocent. The court also concluded that the amended complaint was time-barred and that Simpson had failed to allege facts that would toll the limitations periods. Simpson timely appealed from the judgment of dismissal.

## II.
## DISCUSSION

### A.  *The Standard of Review.*

On appeal following the sustaining of a demurrer, we "review the trial court's action de novo and exercise our own independent judgment whether a cause of action has been stated under any legal theory." (*Buller v. Sutter Health* (2008) 160 Cal.App.4th 981, 986.)  Where a demurrer is sustained without leave to amend, we decide whether there is a reasonable possibility that the defect can be cured by amendment and, if it can be, we reverse the trial court's decision as an abuse of discretion.  (*Singhania v. Uttarwar* (2006) 136 Cal.App.4th 416, 425-426.)

### B.  *Simpson Failed to Allege All of the Elements of a Legal Malpractice Cause of Action.*

The elements of a legal malpractice action arising out of a criminal proceeding are (1) the duty of an attorney to use such skill, prudence, and diligence as members of the profession commonly possess and exercise, (2) a breach of that duty, (3) a proximate causal connection between the breach and the resulting injury, (4) actual loss or damage resulting from the attorney's negligence, and (5) proof of the defendant's actual innocence.  (*Coscia v. McKenna & Cuneo* (2001) 25 Cal.4th 1194, 1199-1200; *Wiley v. County of San Diego*, *supra*, 19 Cal.4th at p. 545.)  Simpson alleged that he was wrongly convicted of a felony and should have been convicted only of a misdemeanor.  But he never alleged that he was actually innocent of the felony or that the charges should have been dismissed.  Accordingly, his legal malpractice cause of action fails as a matter of law.

Without citing to the record, Simpson contends in his opening brief that he "has evidence from United States Federal court proceedings that the criminal conviction that he suffered was a wrongful conviction, and that he is innocent of the crime of which he was convicted."  But in addition to being unsupported by any citation to the record, this assertion wholly fails to explain the nature of the referenced evidence and was not presented below.  (*Pulver v. Avco Financial Services* (1986) 182 Cal.App.3d 622, 631-

4

632 [appellate court will disregard arguments based on documents not before the trial court].)  We conclude that the trial court properly found that Simpson had not adequately alleged all of the elements of action for legal malpractice.

### C.  Simpson's Claims Are Time-Barred.

#### 1.  Simpson failed to file his complaint within the applicable limitations periods.

Even if Simpson had sufficiently alleged the elements of a cause of action for legal malpractice, his claims are nonetheless time-barred.  In sustaining Schnayerson's demurrer to the first amended complaint, the trial court relied on two limitations periods, those set forth in Code of Civil Procedure sections 340.6 and 338, subdivision (d).[3]  As for section 340.6, the statute applies to all actions, except those for actual fraud, brought against an attorney for wrongful acts or omissions that arise in the performance of professional services.  (§ 340.6, subd. (a).)  At the time Simpson was convicted in 2005, the statute provided that an action must be filed "within one year after the plaintiff discovers, or through the use of reasonable diligence should have discovered, the facts constituting the wrongful act or omission, or four years from the date of the wrongful act or omission, whichever occurs first."  (Former § 340.6, subd. (a); *Rose v. Hudson* (2007) 153 Cal.App.4th 641, 646, fn. 1.)

Simpson was injured no later than June 24, 2005, when he was convicted of the felony based on his plea.  (*Rose v. Hudson*, *supra*, 153 Cal.App.4th at p. 652.)  He signed the plea form indicating he was pleading to a felony, and he orally confirmed with the judge that he was entering a felony plea.  At that time, he knew, or had abundant reason to know, that he was pleading to a felony.  "Generally speaking, a cause of action accrues at 'the time when the cause of action is complete with all of its elements.'  [Citations.]  An important exception to the general rule of accrual is the 'discovery rule,' which postpones accrual of a cause of action until the plaintiff discovers, *or has reason to discover*, the cause of action."  (*Fox v. Ethicon Endo-Surgery, Inc.* (2005) 35 Cal.4th 797,

---

[3] All further statutory references are to the Code of Civil Procedure.

806-807, italics added.)  "A plaintiff whose complaint shows on its face that his claim would be barred without the benefit of the discovery rule must specifically plead facts to show (1) the time and manner of discovery *and* (2) the inability to have made earlier discovery despite reasonable diligence.  The burden is on the plaintiff to show diligence, and *conclusory allegations will not withstand demurrer*."  (*McKelvey v. Boeing North American, Inc.* (1999) 74 Cal.App.4th 151, 160, second italics added.)  Simpson has failed to satisfy this burden.  He has not alleged that he was kept in the dark about the elements of his cause of action while he was exercising reasonable diligence.  Thus, Simpson's amended complaint was untimely regardless whether we apply section 340.6's one-year limitations period from the "discovery" of the cause or section 340.6's four-year limitations period from the date of the wrongful act or omission.

Section 340.6 was amended in 2009 to add an additional limitations period for actions against attorneys.  (Stats. 2009, ch. 432, § 2.)  As amended, it provides that where, as here, a "plaintiff is required to establish his or her factual innocence for an underlying criminal charge as an element of his or her claim, the action shall be commenced within two years after the plaintiff achieves postconviction exoneration in the form of a final judicial disposition of the criminal case."  (§ 340.6, subd. (a).)  The amendment was meant to provide additional time for factually innocent people to remedy the harm caused by their wrongful convictions.  (Stats. 2009, ch. 432, § 1.)  But this amendment does not help Simpson.  As we have already explained, he did not allege that he was factually innocent of the felony, nor did he contend that he had achieved postconviction exoneration.  Because we conclude that the amendment would not avail Simpson, we need not consider Schnayerson's argument that the amendment was not intended to be applied retroactively.

The trial court apparently concluded that section 340.6 barred all of Simpson's causes of action, except for fraud, because they were related to his cause of action for professional negligence.  Simpson does not argue on appeal that a different limitations period applies to his other nonfraud causes of action, including his claim for breach of contract and unjust enrichment, and he has therefore waived any argument on the issue.

6

(*Tiernan v. Trustees of Cal. State University & Colleges* (1982) 33 Cal.3d 211, 216, fn. 4 [issues not raised on appeal are waived].)

As for Simpson's cause of action for fraud, the trial court concluded that it was barred by the three-year limitations period set forth in section 338, subdivision (d), which applies to actions for relief based on fraud or mistake.[4]  A cause of action for fraud "is not deemed to have accrued until the discovery, by the aggrieved party, of the facts constituting the fraud or mistake." (§ 338, subd. (d).)  "Literally interpreted, this language would give the plaintiff an unlimited period to sue if he or she could establish ignorance of the facts.  But the courts have read into the statute a duty to exercise diligence to discover the facts.  Thus, the rule is that the plaintiff must plead and prove the facts showing:  (a) lack of knowledge; (b) lack of means of obtaining knowledge (the exercise of reasonable diligence the facts could not have been discovered at an earlier date); (c) how and when the plaintiff did actually discover the fraud or mistake.  Under this rule, constructive and presumed notice or knowledge are equivalent to knowledge.  So, when the plaintiff has notice or information of circumstances to put a reasonable person on inquiry, or has the opportunity to obtain knowledge from sources open to his or her investigation (such as public records or corporation books), the statute commences to run." (3 Witkin, Cal. Procedure (5th ed. 2008) Actions, § 659, p. 870.)

Pleading no contest to a felony, as Simpson did here, would put a reasonable defendant on notice of any possible fraud perpetrated by his or her attorney in not achieving a reduction of the charge to a misdemeanor.  Thus, Simpson's December 2011

---

[4] In his amended complaint, Simpson purported to state a cause of action for fraudulent concealment.  On appeal, both parties refer to this as a cause of action for fraud, without explaining whether such a claim is distinguishable from a claim for fraudulent concealment.  We conclude that whether the cause of action is for fraud or fraudulent concealment, the applicable limitations period is three years.  (Compare *Lazar v. Superior Court* (1996) 12 Cal.4th 631, 638 with *Bank of America Corp. v. Superior Court* (2011) 198 Cal.App.4th 862, 870-871 [similar elements of both causes of action]; *Kimball v. Pacific Gas & Elec. Co.* (1934) 220 Cal. 203, 210 [three-year limitations period applies where fraud is gravamen of the action].)

claim for fraud was time-barred because the three-year limitations period would have started to run no later than when he pleaded guilty to the felony on June 24, 2005.

2. Simpson alleged no facts that would toll the statute of limitations.

Simpson argues that the statute of limitations on his legal malpractice action was tolled under section 340.6, subdivision (a)(3) because Schnayerson fraudulently concealed material facts from him. This statute provides that in no event shall the time for commencing legal action against an attorney be more than four years, except where the attorney "willfully conceals the facts constituting the wrongful act or omission when such facts are known to the attorney." The tolling provisions in section 340.6 are exclusive. (*Gordon v. Law Offices of Aguirre & Meyer* (1999) 70 Cal.App.4th 972, 980.)

Simpson's amended complaint alleged in the most general terms that Schnayerson intentionally concealed "facts regarding [his] wrongful acts and omissions" and that Simpson discovered "evidence" of Schnayerson's wrongful acts in April 2011 when he filed a complaint with "the California State Bar Association" (presumably, a reference to the State Bar of California). Simpson does not allege what facts were known to Schnayerson or how he concealed them (§ 340.6, subd. (a)(3)), and he does not specify what "evidence" he discovered when he pursued a claim with the State Bar. In light of the judicially noticed documents showing that Simpson in fact pleaded no contest to the felony, and confirmed his plea orally and in writing, Simpson was required to allege with at least some degree of specificity how Schnayerson's actions or concealment kept him unaware of his plea.

The trial court correctly sustained Schnayerson's demurrer because the first amended complaint and the judicially noticed material show that Simpson's claims were time-barred and Simpson alleged no facts that would have tolled the limitations period. As Simpson does not identify any way in which his complaint could be cured by yet another amendment, the trial court properly exercised its discretion in sustaining the demurrer without leave to amend.

## III.
### DISPOSITION

The judgment is affirmed.  Schnayerson shall recover his costs on appeal.

_____
                                               Humes, J.


We concur:


_____
Ruvolo, P.J.


_____
Reardon, J.