Filed 9/18/19; Certified for Publication 10/10/19 (order attached)

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| ELISE SHARON, | |
| Plaintiff and Respondent, | G056706 |
| v. | (Super. Ct. No. 30-2017-00907396) |
| PETER J. PORTER, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a judgment of the Superior Court of Orange County, Walter P. Schwarm, Judge. Reversed.

Peter J. Porter, in pro. per., for Defendant and Appellant.

Law Offices of Martin F. Goldman and Martin F. Goldman for Plaintiff and Respondent.

\*       \*       \*

Attorney defendant Peter J. Porter represented plaintiff Elise Sharon in a lawsuit resulting in a 2008 default judgment entered in favor of Sharon.  In October 2015, a judgment debtor wrote to Sharon, claiming the judgment was void.  In November 2015, Sharon's new attorney correctly opined that the judgment was indeed void.  In September 2016, the debtor filed a motion to vacate the judgment, which was granted the following month.  In May 2017,[1] Sharon filed the instant legal malpractice lawsuit against Porter.

During a court trial on stipulated facts, the trial court found the judgment had been valid until it was vacated.  The court also found the statute of limitations applicable to Sharon's lawsuit had been tolled until "actual injury" first occurred in September 2016, when Sharon began incurring hourly attorney fees to oppose the judgment debtor's motion to vacate the judgment.

We reverse because the default judgment was void independent of it being vacated.  Discovery of the void judgment and whatever injury resulted therefrom occurred at least by November 2015 when the judgment debtor wrote to Sharon and her new attorney claiming the judgment was void.  The statute ran one year from that date.  (Code Civ. Proc., § 340.6, subd. (a).)[2]  Sharon's 2017 lawsuit was time-barred.

---

[1] Although the discrepancy is immaterial to the resolution of this appeal, Sharon's complaint contained in the clerk's transcript indicates an initial filing date of March 8, 2017, while a stipulation of facts submitted to the trial court stated a filing date of May 2, 2017.

[2] All further statutory references are to the Code of Civil Procedure unless otherwise indicated.

# I

## FACTS AND PROCEDURAL HISTORY

A. *The Perot Judgment*

In 2007, Porter represented Sharon in a lawsuit filed in the Los Angeles County Superior Court against Pierre Perot and related entities, based upon auto work performed on Sharon's vehicle. The complaint, which prayed "[f]or damages in an amount to be determined according to proof," was served and a default judgment in the amount of $17,846.55 was entered in 2008 (Perot judgment). Porter ceased representing Sharon in August 2013.

In 2014, Sharon hired attorney Martin Goldman, on a contingency fee basis, to enforce the Perot judgment. In October 2015, an attorney representing Perot wrote a letter to Goldman arguing the judgment was void and unenforceable because the underlying complaint had not specified the amount of money damages sought against Perot as required by section 580.[3] Goldman promptly forwarded the information to Porter. In November 2015, several e-mails were exchanged between Goldman and Porter wherein Goldman opined to Porter that the judgment was indeed void. However, no material change in the circumstances resulted during this time.

In March 2016, Goldman relied upon the Perot judgment to claim an interest in escrow money being held in connection with a potential sale of real estate owned by Perot. No payment was secured and instead, in September 2016, Perot filed a motion with the superior court to vacate the Perot judgment. Goldman wrote to Porter requesting that Porter appear in court to oppose it. After Porter did not respond, Sharon agreed with Goldman to modify her contingency fee agreement and pay the latter an hourly fee to oppose Perot's motion. In October 2016, the superior court granted Perot's motion, based upon section 580, and vacated the Perot judgment. The record is unclear

---

[3] Section 580, subdivision (a), states in relevant part: "The relief granted to the plaintiff, if there is no answer, cannot exceed that demanded in the complaint . . . ."

what further action was taken by the superior court with regard to the 2007 lawsuit against Perot.

## B. *Legal Malpractice Lawsuit*

In May 2017, Sharon filed the instant legal malpractice lawsuit against Porter. Porter filed a motion for summary judgment based upon a statute of limitations defense. The trial court denied the motion, finding a triable issue of material fact existed as to whether Sharon had not sustained actual damage until October 2016, when the superior court vacated the Perot judgment. The case proceeded to a court trial on a statement of stipulated facts, which included Porter's admission that he had committed malpractice. The statement provided that the only issue for the trial court's determination was whether Sharon's lawsuit was time-barred under section 340.6.

At trial, the court and counsel agreed the dispositive issue for the court to determine was when Sharon "sustained actual injury" so that the statute of limitations was not tolled pursuant to section 340.6, subdivision (a)(1).[4] Porter argued injury had occurred when the Perot judgment was entered in 2008. Sharon asserted the judgment had been valid until it was vacated in October 2016 and that she first sustained injury in September 2016, when she began to incur attorney fees related to the motion to vacate. Citing to *Pointe San Diego Residential Community, L.P. v. Procopio, Cory, Hargreaves & Savitch, LLP* (2011) 195 Cal.App.4th 265, 275-276, and *Truong v. Glasser* (2009) 181 Cal.App.4th 102, 111, the court found the factual issue of when Sharon first began to incur attorney fees connected to Porter's malpractice was dispositive of when the statute of limitations commenced for Sharon's malpractice claim against Porter. The court continued the trial and requested the parties to present supplemental briefs and additional

---

[4] The statute reads, in pertinent part: "[T]he time for commencement of [a] legal [malpractice] action . . . shall be tolled during the time that . . . : [¶] (1) The plaintiff has not sustained actual injury." (§ 340.6, subd. (a)(1).)

4

evidence in support of their respective positions as to when Sharon sustained "actual injury."

Sharon included with her supplemental briefing a declaration by her attorney, Goldman, to support her assertion that she sustained actual injury in September 2016 when she began incurring hourly attorney fees to correct Porter's malpractice. Specifically, Sharon claimed that, in response to Perot's motion to vacate the judgment, she entered an oral agreement with Goldman to pay hourly fees "to change [Goldman's] focus from the sole effort of collecting the Perrot [*sic*] Judgment" to "trying to overcome the motion finally filed by Perrot [*sic*] in September, 2016." In contrast, Porter maintained actual injury had occurred earlier and asserted alternative theories to place the date as early as 2008 (when the Perot judgment was entered), but no later than November 2015 (after Goldman learned the judgment was void based upon the communication from Perot's attorney). Porter argued that, alternatively, Sharon began incurring attorney fees that constituted actual injury either in 2014 (when Sharon first retained Goldman on a contingency basis) but, again, no later than November 2015 (once Goldman knew the judgment was void).

The trial court agreed with Sharon. Specifically, the court found the Perot judgment had been valid until October 2016 and only became invalid once the superior court vacated the judgment based upon Perot's motion. Citing attorney Goldman's declaration as persuasive evidence, the court found Sharon had not suffered actual injury until September 2016, when she began to incur hourly attorney fees to directly address the consequences of Porter's legal malpractice. Based upon this finding of tolling, the court found Sharon's lawsuit had been timely filed in May 2017 and was not barred by section 340.6's statute of limitations. Judgment in the amount of $28,641.75 was entered in favor of Sharon and Porter timely appealed.

II

DISCUSSION

*A.  Standard of Review and Relevant Law*

The sole issue on appeal is how the legal malpractice statute of limitations applied to Sharon's lawsuit in this case.  Section 340.6 is the "exclusive scheme for commencing and tolling the legal malpractice limitations periods."  (*Jordache Enterprises, Inc. v. Brobeck, Phleger & Harrison* (1998) 18 Cal.4th 739, 763-764 (*Jordache*).)  The statute reads, in pertinent part:  "An action against an attorney for a wrongful act or omission, other than for actual fraud, arising in the performance of professional services shall be commenced within one year after the plaintiff discovers, or through the use of reasonable diligence should have discovered, the facts constituting the wrongful act or omission, or four years from the date of the wrongful act or omission, whichever occurs first. . . .  [I]n no event shall the time for commencement of legal action exceed four years except that the period shall be tolled during the time that any of the following exist:  [¶]  (1) The plaintiff has not sustained actual injury.  [¶]  (2) The attorney continues to represent the plaintiff regarding the specific subject matter in which the alleged wrongful act or omission occurred."  (§ 340.6, subd. (a)(1), (2).)

With respect to tolling for lack of "actual injury," our California Supreme Court reaffirmed the analysis that existed prior to section 340.6, for claim accrual based upon the element of damage:  "'[i]f the allegedly negligent conduct does not cause damage, it generates no cause of action in tort.  [Citation.]  The mere breach of a professional duty, causing only nominal damages, speculative harm, or the threat of future harm—not yet realized—does not suffice to create a cause of action for negligence.  [Citations.]  Hence, until the client suffers appreciable harm as a consequence of [the] attorney's negligence, the client cannot establish a cause of action for malpractice.'"  (*Jordache*, *supra*, 18 Cal.4th at pp. 749-750, quoting *Budd v. Nixen* (1971) 6 Cal.3d 195, 200.)  "[D]epending upon the particulars, actionable harm may

6

occur at any one of several points in time subsequent to an attorney's negligence." (*Adams v. Paul* (1995) 11 Cal.4th 583, 588.) For the purposes of analyzing tolling, the first "'actual injury'" ends the period. (*Radovich v. Locke-Paddon* (1995) 35 Cal.App.4th 946, 971 ["[T]he first injury of any kind to the plaintiff, attributable to the defendant attorney's malfeasance or nonfeasance, should suffice [to cease tolling under section 340.6, subdivision (a)(1)]"].)

On appellate review, "determining when actual injury occurred is predominantly a factual inquiry." (*Jordache*, *supra*, 18 Cal.4th at p. 751.) However, "[w]hen the material facts are undisputed, the trial court can resolve the matter as a question of law in conformity with summary judgment principles." (*Ibid.*) "There is no bright-line rule to apply in determining when actual injury has occurred within the meaning of section 340.6." (*Truong v. Glasser*, *supra*, 181 Cal.App.4th at p. 111.) Instead, "[t]he facts of each case must be examined in light of the specific attorney errors the plaintiff in each case alleges." (*Jordache*, at p. 763.) "[S]ection 340.6, subdivision (a)(1), will not toll the limitations period once the client can plead damages that could establish a cause of action for legal malpractice." (*Id.* at p. 743.) In some circumstances, the incurring of attorney fees necessary to address the underlying malpractice marks the "actual injury." (*Pointe San Diego Residential Community, L.P. v. Procopio, Cory, Hargreaves & Savitch, LLP*, *supra*, 195 Cal.App.4th at pp. 275-276; see *Truong*, at p. 111.) In other circumstances, "[t]he loss or diminution of a right or remedy constitutes injury or damage." (*Jordache*, at p. 744; see *Adams v. Paul*, *supra*, 11 Cal.4th at p. 591, fn. 5 ["Although expenditure of attorney fees or other costs in many instances clearly would be *sufficient* to constitute the requisite injury, nothing in the history of section 340.6(a)(1) or its decisional predicates suggests it is *necessary*"].) "An existing injury is not contingent or speculative simply because future events may affect its permanency or the amount of monetary damages eventually incurred." (*Jordache*, at p. 754.) In other words, "we must distinguish between an actual, existing injury that might be *remedied or*

7

*reduced* in the future, and a speculative or contingent injury that might or might not *arise* in the future." (*Ibid.*)

*B. The Perot Judgment was Void so "Actual Injury" Occurred Before Sharon Incurred Attorney Fees.*

Although we are not convinced the actual injury is the defining issue in this case, we find it occurred by no later than November 2015. By that point, the judgment was already void, as acknowledged by Goldman, and Sharon's remedy against Perot had been sufficiently diminished as a result. Contrary to Sharon's unsupported assertion and the trial court's finding, case law is clear the Perot judgment was void independent of when the superior court confirmed it was so. (*Greenup v. Rodman* (1986) 42 Cal.3d 822, 826 ["[T]he Courts of Appeal have consistently read the code to mean that a default judgment greater than the amount specifically demanded is void as beyond the court's jurisdiction"]; see *Bennett v. Wilson* (1898) 122 Cal. 509, 513-514, quoting 1 Freeman, A Treatise on the Law of Judgments (4th ed. 1892) §117, pp. 177-178 ["'A void judgment is, in legal effect, no judgment. By it no rights are divested. From it no rights can be obtained. Being worthless in itself, all proceedings founded upon it are equally worthless. It neither binds nor bars any one'"].)

Given that the Perot judgment was void, we find that Sharon's incurring of Goldman's attorney fees in September 2016 was not the *first* instance of actual injury in this case. As he did at trial, Porter cites to the authorities of *Worton v. Worton* (1991) 234 Cal.App.3d 1638, 1645 (*Worton*), and *Radovich v. Locke-Paddon*, *supra*, 35 Cal.App.4th at page 974, in support of his argument that actual injury occurred in 2008, when the Perot judgment was entered. In response, Sharon also cites to *Worton* but characterizes the case as standing for a proposition that actual injury requires an "overt act" to end tolling under section 340.6, subdivision (a)(1). Sharon's argument is unpersuasive, and we find *Worton* to support Porter's position in this case.

8

*Worton* involved an attorney who had allegedly committed legal malpractice by omission in securing an entry of a marriage dissolution judgment which did not include her community property interest in a certain asset. Specifically, it was alleged the attorney had failed to appreciate and account for pension benefits not disclosed by the opposing party. (*Worton*, *supra*, 234 Cal.App.3d at pp. 1643-1644.) In affirming summary judgment in favor of the defendant attorney on a statute of limitations ground, the appellate court found that actual injury had occurred upon entry of the judgment. (*Id.* at p. 1651.)

*Worton* and other relevant case law support a finding that the void nature of the Perot judgment sufficiently diminished Sharon's remedy against Perot and the other judgment debtors by no later than November 2015.[5] (See *Croucier v. Chavos* (2012) 207 Cal.App.4th 1138, 1149 [actual injury occurred when former client's ability to enforce a default judgment was diminished]; see also *Foxborough v. Van Atta* (1994) 26 Cal.App.4th 217, 227-228 [actual injury occurred 20 months before discovery of facts, when right to annex real property, which client had retained attorney to secure, expired because of attorney's alleged failure to advise].) By then, Sharon's negotiating position against Perot had been weakened, as demonstrated by Perot's attorney's initial letter to Goldman warning Sharon of legal liability if she persisted in attempting to enforce a void judgment. (*Village Nurseries v. Greenbaum* (2002) 101 Cal.App.4th 26, 41-42, citing

---

[5] Directly applying the precedent of *Worton* to this case would result in a finding of actual injury in 2008, when the Perot judgment was entered. Under such a finding, the statute of limitations would have been tolled until August 2013, not for lack of actual injury but because that is when Porter ceased representing Sharon in this matter. (§ 340.6, subd.(a)(2).) The controlling issue would then be when the statute of limitations commenced based upon when Sharon "discover[ed], or through the use of reasonable diligence should have discovered, the facts constituting the wrongful act or omission." (§ 340.6, subd.(a).) Such discovery occurred when Sharon's attorney received the October 2015 written communication by Perot's attorney, claiming the judgment was void. Accordingly, this alternative analysis would result in the same conclusion that Sharon's 2017 lawsuit was time-barred.

9

*Jordache, supra,* 18 Cal.4th at p. 761 [actual injury occurred when adverse party asserted "'objectively viable defense'" to lien interest claimed by malpractice plaintiff].) The void judgment also constituted damages in the form of Sharon's "lost time value of money." (*Croucier v. Chavos, supra,* 207 Cal.App.4th at p. 1150.)

By no later than November 2015, the void Perot judgment constituted "an actual, existing injury that might be *remedied or reduced* in the future," as opposed to a "speculative or contingent injury that might or might not *arise* in the future." (*Jordache, supra,* 18 Cal.4th at p. 754.) A potential for remedying the effects of the void judgment did not change this conclusion. (*Id.* at p. 752 ["once the plaintiff suffers actual harm, neither difficulty in proving damages nor uncertainty as to their amount tolls the limitations period"]; see also *Croucier v. Chavos, supra,* 207 Cal.App.4th at p. 1149 ["'actual injury' for purposes of section 340.6 cannot depend on absolute proof as a matter of law that damages were suffered"].) The *Worton* court explicitly stated that whether the judgment in that case was remediable did not change when injury had been sustained, even though a postjudgment motion was expressly available.[6] (*Worton, supra,* 234 Cal.App.3d at p. 1652.) We note our California Supreme Court did not criticize any aspect of *Worton* in discussing it in *Laird v. Blacker* (1992) 2 Cal.4th 606, 614-617, where the high court rejected an argument that the statute of limitations should have been tolled while an adverse judgment was potentially remediable through an appeal. Accordingly, Porter has shown that entry of a judgment can constitute "actual injury" for

_____

[6] At the time of *Worton, supra,* 234 Cal.App.3d at page 1638, Civil Code section 4353 read: "In any action for legal separation or dissolution or annulment of a marriage, the court has continuing jurisdiction to award community property or community debts to the parties that has not been previously adjudicated by a judgment therein. A party may file a postjudgment motion or order to show cause in the proceeding in order to obtain adjudication of any community asset or debt omitted or not adjudicated by the judgment. In these cases, the court shall equally divide the omitted or unadjudicated community asset or debt, unless the court finds upon good cause shown that the interests of justice require an unequal division of the asset or debt." (Stats. 1990, ch. 1493, § 3.)

purposes of section 340.6 and we find the availability of a remedial measure in the underlying legal matter does not negate a finding of "actual injury."

Of course, our finding of actual injury does not necessarily determine when the statute of limitations commenced running on Sharon's legal malpractice claim, as injury only controls its tolling. (§ 340.6, subd. (a)(1).) With regard to commencement, we find, as the trial court did, that in October 2015, Sharon had discovered "the facts constituting the wrongful act or omission," based upon her attorney's receipt of written communication from Perot's attorney. (§ 340.6, subd. (a); see *Santillan v. Roman Catholic Bishop of Fresno* (2008) 163 Cal.App.4th 4, 10-11 [facts used to determine accrual of a statute of limitations imputed from agent to principal].) The communication effected notice of the Perot judgment's defect, which was eventually confirmed by the superior court one year later. It was irrelevant whether Sharon knew in 2015 whether the defect definitively constituted negligence attributable to Porter, so long as she knew of "the facts constituting the wrongful act or omission." (§ 340.6, subd. (a); see *Worton*, *supra*, 234 Cal.App.3d at p. 1650 ["[section 340.6's statute of limitations] is triggered by the client's discovery of 'the facts constituting the wrongful act or omission,' not by his discovery that such facts constitute professional negligence, i.e., by discovery that a particular legal theory is applicable based on the known facts"].)

Since the undisputed facts show the first actual injury was sustained no later than November 2015, at the same time when Sharon discovered the facts supporting her malpractice claim, it follows that her May 2017 lawsuit was filed more than one year after section 340.6's statute of limitations had commenced. In other words, Sharon's lawsuit in this case was time-barred independent of when she began to incur Goldman's hourly fees to address the consequences of Porter's admitted malpractice.

It is true our legal conclusion, in effect, put Sharon in the awkward position of having to file a malpractice lawsuit based upon a void judgment prior to the superior court confirming the judgment was indeed void. However, such a situation did not justify

11

tolling based upon any of the exclusive grounds under section 340.6.  (See, e.g., *Gordon v. Law Offices of Aguirre & Meyer* (1999) 70 Cal.App.4th 972, 980 [there is no equitable tolling of the statute of limitations created by section 340.6].)  To the extent Sharon implicitly claims that Porter's conduct was inequitable—because Porter initially stated he saw "no problem" with the entry of the Perrot judgment but in litigating this case claims that the statute of limitations lapsed because the judgment was void upon its entry—we do not find Porter can be equitably estopped from asserting a statute of limitations defense in this case.  Although case law supports a general proposition that a party may be equitably estopped from asserting a statute of limitations defense, such estoppel requires, among other things, a plaintiff's ignorance of the true state of facts as well as reliance upon the inequitable conduct.  (Evid. Code § 623; *Leasequip, Inc. v. Dapeer* (2002) 103 Cal.App.4th 394, 403-404.)  Again, Goldman's November 2015 communication with Porter demonstrates that Goldman (and therefore Sharon) was neither ignorant of the true state of facts (that the judgment was void) nor that he relied upon any representation Porter made.  In other words, the circumstances of this case do not indicate that Porter could be equitably estopped from asserting a statute of limitations defense in this case.

*C. Policy Interests of Section 340.6*

Our findings under the particular circumstances of this case comport with the well-recognized policy interest of section 340.6 "to require diligent prosecution of known claims so that legal affairs can have their necessary finality and predictability and so that claims can be resolved while evidence remains reasonably available and fresh." (*Jordache*, *supra*, 18 Cal.4th at pp. 755-756, citing *Laird v. Blacker*, *supra*, 2 Cal.4th at pp. 614, 618.)  Given that the Perot judgment was void independent of the superior court vacating it, Sharon's argument that the tolling should have ended when she agreed to incur attorney fees for Porter's negligence would be at odds with another policy interest

12

to avoid granting a malpractice plaintiff "unilateral control over the limitations period." (*Jordache*, at p. 755, citing *Laird* at p. 618.)  Under Sharon's view, Perot's motion to vacate the judgment could have been filed 20 years in the future and a legal malpractice claim filed within 21 years would still have been timely as long as no specific attorney fee had been charged to Sharon.  No authority supports that outcome.  Accordingly, we reverse the judgment against Porter, and direct that judgment be entered in his favor.


III

DISPOSITION

The judgment is reversed.  The trial court is instructed to enter a new judgment in favor or Porter.  Porter is entitled to his costs on appeal.


MOORE, J.

WE CONCUR:


O'LEARY, P. J.


ARONSON, J.


13

Filed 10/10/19

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| ELISE SHARON, Plaintiff and Respondent, v. PETER J. PORTER, Defendant and Appellant. | G056706 (Super. Ct. No. 30-2017-00907396) ORDER GRANTING REQUEST FOR PUBLICATION |

    Attorney Edward L. Xanders, Association of Southern California Defense Counsel, has requested that our opinion filed on September 18, 2019, be certified for publication. It appears that our opinion meets the standards set forth in California Rules of Court, rule 8.1105(c). The request is GRANTED.

    The opinion is ordered published in the Official Reports.


                  MOORE, J.

WE CONCUR:


O'LEARY, P. J.


ARONSON, J.